## Case No. 4,214.
### DWIGHT v. AMES.

## Case No. 4,215.
### DWIGHT et al. v. APPLETON et al.

[1 N. Y. Leg. Obs. 195.]

Circuit Court, S. D. New York. Jan. 7, 1843.

Staples, S. P., and Ketchum, E., for plaintiffs.

O'Connor, McElrath, and Bloomfield, for defendants.

Cur. ad. vult.

THOMPSON, Circuit Justice. The statutes made to secure the copyright to authors in their works are somewhat obscurely expressed; and the English decisions shed very little light on the subject; though these acts are penal, yet they are remedial also, and made in favor of the aggrieved party, and to secure his rights, and the forfeiture goes in part to him. The jury were authorized to give fifty cents for every sheet contained in the volumes found at any time, within the period stated in the declaration, to have been in the possession of the defendants. The law applies to all the copies which the defendants had imported, or sold, or held for sale, contrary to the rights of the plaintiffs; and the insertion of the record on the page next following the title-page of the first volume of the work was a sufficient compliance with that provision of the statute. This was not like a periodical work, but was an entire work embracing a system of theology, which system appeared from the author's analysis, as well as his summary found in the work. That the number of volumes, in which it was stated the work would be published, made no part of its title, and might be rejected as surplusage; and that the plaintiffs might insert the same record in another edition published in a different number of volumes, without impairing their copyright.

That the delivery to the secretary of state of the first volume of the work within six months after its publication, and the rest of the volumes, before the offence complained of, was committed, or the action brought, was a sufficient compliance with the law to enable the plaintiffs to recover. That this case was distinguishable from the case of Wheaton v. Peters, 8 Pet. [33 U. S.] 591. In that case, it did not appear that the volumes had been delivered to the secretary of state at any time, and to ascertain this with other facts, a trial at law was ordered; that, in this case, full notice had been given to the

public of the plaintiffs' claim of a copy-right in this work, and, in the opinion of the court, the law had been substantially complied with, and that the title to the copy-right in the work had become well vested in the plaintiffs.