### BOLLES v. OUTING CO., Limited.

(Circuit Court of Appeals, Second Circuit. January 13, 1897.)

1. COPYRIGHTS—PHOTOGRAPH—INFRINGEMENT—PENALTY.

    The provision of Rev. St. U. S. § 4965, that any one who unlawfully copies, prints, publishes, or imports a copyrighted photograph shall forfeit to the proprietor one dollar for every sheet thereof "found in his possession," applies only to sheets shown to have been in fact discovered in the defendant's possession prior to the bringing of the suit.

2. SAME—NOTICE OF COPYRIGHT—SUFFICIENCY.

    The words, "Copyright 93, by Bolles, Brooklyn," printed on the face of a photograph, are sufficient as the notice of copyright required by Rev. St. U. S. § 4962, especially where it is not shown that there is another photographer of the name of "Bolles."

3. SAME—QUESTION FOR JURY.

    . Whether the copyright notice on a photograph is sufficiently legible is a question for the jury.

4. SAME—ORIGINALITY.

    Whether a photograph is an original work of art, or a mere manual reproduction of subject-matter, is a question of fact.

In Error to the Circuit Court of the United States for the Southern District of New York.

B. Lewinson and Wells, Waldo & Snedeker, for plaintiff in error.

John R. Abney, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. Upon this writ of error, brought by the plaintiff in the court below to review a judgment for the defendant, error is assigned of the rulings of the trial judge in excluding evidence offered by the plaintiff, and in instructing the jury to find a verdict for the defendant. The action was brought, under section 4965 of the United States Revised Statutes, to recover penalties for the violation of a copyrighted photograph. The defendant was the proprietor of "The Outing," a monthly magizine published at the city of New York. The complaint alleges that the defendant printed in said magazine, and sold, without the plaintiff's consent, 40,000 copies of the photograph, whereby there accrued to the plaintiff, pursuant to the statute, penalties in the sum of $40,000. Upon the trial it was shown that the defendant's magazine was printed by the Fless & Ridge Printing Company, a concern employed by the defendant to do its printing. The plaintiff offered to prove by a witness the number of copies of the issue containing the photograph which were printed by the Fless & Ridge Company and delivered into the possession of the defendant. The evidence was objected to, upon the ground of its incompetency, the statute making the copies found in the possession of the defendant the measure of the penalty, and not the copies published by it. The objection was sustained, and the plaintiff duly excepted.

The statute declares that if "any person, after the recording of the title of any  * * * photograph,  * * * as provided in this chapter, shall, within the term limited, and without the consent of the proprietor of the copy-right first obtained in writing,

* * * copy, print, publish or import, * * * with intent to evade the law, or knowing the same to be so printed, published or imported shall sell or expose to sale any copy, * * * he shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit $1 for every sheet of the same found in his possession, either printing, printed, copied, published, imported, or exposed for sale."

The statute has frequently been considered in the federal courts. In Dwight v. Appleton, 1 N. Y. Leg. Obs. 195,[1] it was decided that the jury were authorized to give the statutory penalty "for every sheet contained in the volume found at any time, within the period stated in the declaration, to have been in the possession of the defendant." In Millett v. Snowden, 1 West. Law J. 240, Fed. Cas. No. 9,600, the court ruled that, if the jury found that the defendant had republished the copyrighted matter without leave obtained in writing of the plaintiff, they must then "proceed to ascertain the number of sheets proved to have been sold or offered for sale, and return a verdict of one dollar for each sheet so sold or offered to be sold." In Reed v. Carusi, Camp. Dec. 72, Fed. Cas. No. 11,642, the jury were charged by Chief Justice Taney that, if they found the defendant liable, they should "find the number of copies caused to be printed for sale by him within two years before the suit was brought." Apparently, in the two cases last mentioned, no point was made that the copies printed had not actually been in the defendant's possession. In Backus v. Gould, 7 How. 798, the question was before the supreme court. In that case, although there was evidence that the defendant had published certain sheets of copyrighted matter, there was no evidence whether or not they had ever been found in his possession; and the court below instructed the jury that the plaintiffs were entitled to recover for every sheet of such matter which he had published, or procured to be published, whether the same were proved to have been found in his possession or not. It was argued that the court below totally disregarded the effect of the words "found in his possession," and the supreme court sustained that contention, stating that "the penalty on each sheet, whether printed or being printed, or published, or exposed to sale, is limited to the sheets in the possession of the defendant," and reversed the judgment.

Since the adjudication in Backus v. Gould it has always been held by the trial courts that the penalty only attaches upon the number of sheets found in the possession of the defendant; but there has been some diversity of opinion whether it was necessary to prove that the sheets had been actually discovered in the possession of the defendant previously to the commencement of the action, or whether it was enough if the evidence authorized a finding that they had been in his possession prior to the bringing of the action.

In Thornton v. Schreiber, 124 U. S. 612, 8 Sup. Ct. 618, the statute was before the supreme court in a case where the evidence was

---

[1] Fed. Cas. No. 4,215.

that a large number of sheets of the copyrighted photograph, pub-
lished without the consent of the plaintiff, had been found in the
store of Sharpless & Sons, in which the defendant was employed in
the character of a business manager. Evidence was given show-
ing that Thornton conceived the idea of using the photographs, in
the business of Sharpless & Sons, and ordered the copies to be made.
The court held that upon those facts the court below erred in in-
structing the jury that the photographs were to be regarded as in
the possession of Thornton, saying:

"We do not see how Mr. Thornton, merely as an employé, although he may
have had a principal place in that establishment, could be said to have had the
possession of these prints when they were found by the plaintiff in the store
of Sharpless & Sons."

It was contended in the case that the words "found in his pos-
session" should be construed as referring to the finding of the jury,
and that the expression merely meant that, where the sheets are
ascertained by the finding of the jury to have been at any time in
the possession of the person who committed the wrongful act, such
person is liable to the penalty. Referring to this contention the
court said:

"We, however, think that the word 'found' means that there must be a time
before the cause of action accrues at which they are found in the possession of the
defendant."

The observation can only be read as intended to reject the con-
struction contended for, and as expressing the view of the court
that it is not enough to show that the sheets have been in the pos-
session of the defendant, but it must be shown that they were ac-
tually found there. As the point was not necessary to the decision
of the case, the observation, strictly speaking, was obiter; but the
precise point was presented for consideration, and was considered,
and the observation must be accepted as the deliberate opinion of
the court.

We are of the opinion that the section means to affix the penalty
only when the sheets are shown to have been discovered or detected
in the possession of the defendant prior to the bringing of the suit.
The statute is apparently framed to give the party whose copyright
has been invaded complete relief by an action in which he can
procure a condemnation of the infringing sheets, and at the same
time recover, by way of compensation, a penalty for every sheet
which he is entitled to condemn. The words "found in his posses-
sion" aptly refer to a finding for the purposes of forfeiture and con-
demnation. The remedy by condemnation and forfeiture is only
appropriate in a case where the property can be seized upon pro-
cess; and where, as here, the forfeiture declared is against property
of the "offender," it is only appropriate when it can be seized in his
hands. The section contemplates two remedies, enforceable in a
single suit, each of which depends upon the same state of facts.
The aggrieved party may, at his election, pursue either one or both
remedies. But it does not contemplate a recovery of penalties, ex-
cept in respect to the sheets which can be condemned. We regret
to feel constrained to place such a narrow interpretation upon the

statute, but it cannot be given a more liberal one, consistently with the language used. We conclude that the evidence was correctly excluded.

The trial judge directed a verdict for the defendant upon the ground that the plaintiff had not complied with the requirements of section 4962 of the United States Revised Statutes. That section provides that no person shall maintain an action for the infringement of his copyright in a photograph unless he shall have given notice of his copyright by inscribing upon the face or front of the copies of every edition published the words "Entered according to act of congress in the year ——— by A. B. in the office of the librarian of congress, at Washington." The notice upon the plaintiff's copies was as follows: "Copyright 93, by Bolles, Brooklyn." The trial judge ruled this notice to be defective, because it omitted to give the first name or initials of the plaintiff, or to state the year the copyright was entered.

The first objection to the sufficiency of the notice is met by the case of Lithographic Co. v. Sarony, 111 U. S. 53, 4 Sup. Ct. 279. In that case the court, after observing in its opinion that "the object of the statute is to give notice of the copyright to the public, by placing upon each copy, in some visible shape, the name of the author, the existence of the claim of an exclusive right, and the date at which this right was obtained," held that a notice as follows, "Copyright, 1882, by N. Sarony," was a sufficient compliance. The court said:

"It clearly shows that a copyright is asserted, the date of which is 1882; and, if the name 'Sarony' alone was used, it would be a sufficient designation of the author, until it is shown that there is some other Sarony. When, in addition to this, the initial letter of the Christian name, Napoleon, is also given, the notice is complete."

The general rule is that in legal proceedings, and in notices prescribed by law, the full name of a party must be given, for the purposes of identification, and a designation by the initial letter or letters of the Christian name will not suffice. In the Sarony Case the court regarded the use of the initial as superfluous, and the use of the surname as sufficient, when it did not appear that the public were likely to be misled by the omission of the full name. In the present case the notice not only gave the author's surname, but also his residence; and it appeared by the evidence that the city of his residence was also his place of business, and it did not appear that there was any photographer there or elsewhere of the name of Bolles.

The second objection to the notice seems to be less substantial than the first. Concededly, if it had read "1893," instead of "93," the notice would have been sufficient. Could any person possibly be misled by the omission of the figures denoting the century? Photographs are a production of the present century, and no one would imagine that the figures "93" meant "1793," or any earlier time. Manifestly, they could not denote 1993, or a future time, because they are the statement of an antecedent date, the time when the copyright was recorded in the office of the librarian of congress.

We conclude, therefore, that the trial judge erred in ruling that

the notice was invalid, and in directing a verdict for the defendant upon that ground.

It has been urged in behalf of the defendant in error that, if the ruling of the court below proceeded upon erroneous reasons, nevertheless the judgment should be affirmed, because no original, intellectual conception was involved in the production of the original photograph, and also because the notice inscribed upon the copies was so carelessly and inadequately printed as not to be visible to the eye. Whether a photograph is a mere manual reproduction of subject-matter, or an original work of art, is a question of fact; and there is certainly sufficient evidence in the present record to justify, if not to compel, the conclusion that the one in question embodies an exceptional degree of artistic conception and expression. It required the photographer to select and utilize the best effects of light, cloud, water, and general surroundings, and combine them under favorable conditions for depicting vividly and accurately the view of a yacht under sail. Whether the notice was legibly inscribed upon the copies was also a question of fact for the jury.

The judgment is reversed.