## BOLLES *v.* OUTING COMPANY.

ERROR TO CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 47. Submitted October 16, 1899. — Decided December 4, 1899.

In an action under Rev. Stat. § 4965 to recover a penalty of one dollar for every copy of an engraving or photograph infringing the copyright of another, the plaintiff's recovery is limited to copies actually found in the possession of the defendant, and does not extend to copies already sold and put in circulation.

A party who does not take out a writ of error will not be heard to complain of adverse rulings in the court below.

THIS was an action begun April 18, 1894, by Charles E. Bolles, a resident of the city of Brooklyn, New York, for the penalty provided for the infringement of the copyright of a photograph, by Rev. Stat. sec. 4965. This section enacts that " if any person, after the recording of the title of any map, chart, musical composition, print, cut, engraving or *photograph,* . .. . as provided by this chapter, shall, within the time limited, and without the consent of the proprietor of the copyright first obtained in writing, signed in presence of two or more witnesses, engrave, etch, work, copy, print, publish

or import, either in whole or in part, or . . . shall sell or expose to sale, any copy of such map or other article, as aforesaid, he shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same *found in his possession,*" etc.

In August, 1893, plaintiff made a photograph of the yacht " Vigilant " under full sail, and copyrighted the same under the title " Vigilant, No. 4." The copyright stamp on the photograph was made by impressing at the lower end of the right-hand corner of the photographs the words " Copyright 93, by Bolles, Brooklyn," Bolles being the trademark name used by the plaintiff.

Defendant made a photogravure of this photograph, and published it November, 1893, in a magazine published by it in New York known by the name of " The Outing." Defendant had no permission to use or copy the photograph.

One copy of this number of The Outing was purchased of the defendant by an employé of the plaintiff for the sum of twenty-five cents.

On the first trial in the Circuit Court the action was dismissed upon the ground that the copyright stamp on the photograph was insufficient notice of the copyright, because the year was not given in full, nor the full name of the owner.

Thereupon plaintiff sued out a writ of error from the Circuit Court of Appeals, which held that the copyright stamp was sufficient, but sustained the trial court in its exclusion of certain evidence offered as to the number of copies found in the possession of the defendant. 77 Fed. Rep. 966.

Upon the new trial the same evidence as to the number of copies of the infringement found in the possession of the defendant was excluded, and a verdict directed for plaintiff for one dollar penalty for the one copy bought by plaintiff's employé from the defendant. Plaintiff moved for a new trial because of the refusal of the court to permit him to prove the the number of copies which had been in the defendant's possession at any time within the two years previous to the commencement of the suit. Upon his motion being denied, he

again sued out a writ of error from the Circuit Court of Appeals, which affirmed the judgment. Whereupon plaintiff sued out a writ of error from this court.

*Mr. George E. Waldo* for plaintiff in error.

*Mr. John R. Abney* for defendant in error.

Mr. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

Whether the court erred in excluding the evidence offered by the plaintiff tending to show the number of copies of the issue of The Outing, containing a reproduction of the plaintiff's photograph, which had been printed and delivered to the defendant at any time within two years prior to the commencement of this action, is the sole question presented by the assignments of error.

This is an action to recover a penalty of one dollar for every copy of the plaintiff's photograph, and is based upon Revised Statutes, section 4965, which declares that any person offending against its provisions " shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported or exposed for sale, . . . one half thereof to the proprietor and the other half to the use of the United States." This is clearly a penal statute in that it fixes a single and arbitrary measure of recompense to the plaintiff, irrespective of the damages actually sustained by him, or of the profits realized by the defendant; and in the further provision that one half of the amount recovered shall be to the use of the United States. It makes no pretence of awarding damages, and simply imposes a forfeiture of a specified sum. In this respect it differs wholly from the following section (4966) recently considered by us in *Brady* v. *Daly, ante,* 148, which made a person performing or representing any copyrighted dramatic composition " liable for damages therefor,

. . . to be assessed at such sum, not less than $100 for the first and $50 for every subsequent performance, as to the court shall appear to be just." There the award was of damages, and a minimum sum was fixed apparently to cover cases where it was impossible to estimate such damages; but there was no limit to the amount which might be awarded if, in the opinion of the court, it were just to increase the minimum. The idea suggested by the learned judge who delivered the opinion of the court, that as it would be difficult to prove the exact amount of damages suffered by reason of the unlawful representation, the statute provided a minimum sum, leaving it open for a larger recovery upon proof of greater damages, has no application to the section under consideration, where the plaintiff can recover no greater nor less damages than the penalty provided by the section. The penal character of the act is further emphasized by the fact that the plaintiff apparently recovers a moiety for the use of the United States, though perhaps this is not beyond a doubt suggested in *Thornton* v. *Schreiber*, 124 U. S. 612. The act of 1831, for which this act is a substitute, and of the sixth section, of which section 4965 is a substantial copy, was said by this court in *Backus* v. *Gould*, 7 How. 798, 811, to give a *qui tam* action for the sum forfeited.

The statute, then, being penal, must be construed with such strictness as to carefully safeguard the rights of the defendant and at the same time preserve the obvious intention of the legislature. If the language be plain, it will be construed as it reads, and the words of the statute given their full meaning; if ambiguous, the court will lean more strongly in favor of the defendant than it would if the statute were remedial. In both cases it will endeavor to effect substantial justice. *United States* v. *Hartwell*, 6 Wall. 385; *United States* v. *Wiltberger*, 5 Wheat. 76, 95; *American Fur Co.* v. *United States*, 2 Pet. 358; *United States* v. *Reese*, 92 U. S. 214.

The language of this section when examined seems hardly susceptible of two interpretations, unless certain words which are not found there are treated as interpolated. It forfeits to the proprietor of the pirated publication all the plates on which the same shall be copied, and every sheet thereof, either

copied or printed, and shall further forfeit one dollar for every sheet of the same *found in his possession.* No remedy is provided by the act, although by section 4970 a bill in equity will lie for an injunction; but the provision for a forfeiture of the plates and of the copies seems to contemplate an action in the nature of replevin for their seizure, and in addition to the confiscation of the copies, for a recovery of one dollar for every copy so seized or found in the possession of the defendant. While the forfeiture is not limited as to the number of the copies, it is limited to such as are found in, and not simply traced to, the possession of the defendant. Congress may have been perfectly willing to impose a forfeiture of one dollar for every such copy, and have been reluctant to impose it upon the thousands of such copies that may have previously been put in circulation. The construction contended for would permit an author to lie by during the two years allowed him for bringing suit, permit another to publish the work during that time, and then recover for every copy so published. Not only this, but as the penalty is imposed upon any person who engraves, copies, prints, publishes or sells a copy, not only the publisher, but the printer and bookseller might be liable for every copy' traced to his possession. Indeed, the defendant might be made liable for every copy traced to his possession, even though he destroyed the whole edition for the purpose of relieving himself from the penalty.

This case is clearly controlled by that of *Backus* v. *Gould,* 7 How. 798. This was an action of debt brought by Gould and Banks to recover penalties incurred by the invasion of plaintiffs' copyright in twelve volumes of law reports. Defendant insisted that plaintiff could only recover for such sheets as were proved to have been found' in his possession, either printing or printed, published or exposed for sale. Plaintiffs insisted, as the plaintiff does here, that they were entitled to recover for every sheet which had been published, or procured to be published, by the defendant, whether the same were proved to have been found in the defendant's possession or not. The language of the forfeiting clause, section six of the act of February 3, 1831, c. 16, 4 Stat. 436, 437, was that

"such offender shall forfeit every copy of such book to the person legally, at the time, entitled to the copyright thereof; and shall also forfeit and pay fifty cents for every such sheet which may be found in his possession, . . . one moiety thereof to such legal owner of the copyright aforesaid, and the other to the United States." The recovery was held to be limited to the sheets in the possession of the defendant, and an instruction that he was liable for every sheet which he had published, or procured to be published, was held to be erroneous.

That case was decided in 1849, and must be regarded as overruling anything to be found to the contrary in *Reed* v. *Carusi*, Taney Dec. 72; *S. C.*, 20 Fed. Cases, 431, decided by Chief Justice Taney in 1845; *Dwight* v. *Appleton*, 8 Fed. Cases, 143, decided in 1843, and *Millett* v. *Snowden*, 17 Fed. Cases, 374, decided in 1844.

The case of *Thornton* v. *Schreiber*, 124 U. S. 612, was a *qui tam* action brought against Thornton under section 4965 for the unlawful reproduction of a certain copyrighted photograph. The case turned upon the fact whether the sheets were found in the possession of the defendant. They were actually found in the store of Sharpless & Sons, wholesale dealers in dry goods, were used by pasting them upon parcels of dry goods, and were their property. Thornton was employed for the purchase of goods sold by the firm, and he appears to have gotten up the plate, ordered fifteen thousand copies to be made, which were subsequently delivered to Sharpless & Sons, who paid for them. Attempt was made to establish the fact that Thornton had the possession of these prints, by showing that he was the man who first conceived the idea of getting them up and using them in the business of the firm. It was held that Thornton could not be considered to have held possession of them, but that an action of replevin could have been sustained against the firm, and that they were the proper parties to be made defendants. The same argument was made as in *Backus* v. *Gould*, that the words, "found in his possession," meant simply that, where the sheets are ascertained by the finding of the jury to have

been at any time in the possession of the defendant, the forfeiture attached; but it was held that the only possession defendant had was that of Sharpless & Sons, and that he held them merely as their employé, subject always to their order and control. While *Backus* v. *Gould* is not cited in the opinion, the case is a distinct affirmance of that. See also *Sarony* v. *Ehrich*, 28 Fed. Rep. 79.

Had Congress designed the extended meaning claimed for these words "found in his possession," it would naturally have used the expression "found or traced to his possession," or "found to be, or to have been, in his possession." It is only by interpolating words of this purport that the statute can receive the construction claimed. We concur with the learned judge who spoke for the Court of Appeals that the words "found in his possession" aptly refer to a finding for the purposes of forfeiture and condemnation. "The remedy by forfeiture and condemnation is only appropriate in a case where the property can be seized upon process, and where, as here, the forfeiture declared is against property of the 'offender' is only appropriate when it can be seized in his hands."

Two other defences are interposed which go to the recovery of even the small judgment of one dollar and costs, and which, if sustained, would require the judgment of the court below to be reversed, and ultimately a verdict for the defendant. First, that the notice of the copyright, imprinted on the photograph, did not fill the requirements of the statute; and, second, that the copyright claimed by Bolles is not sanctioned by the Constitution. It is sufficient to say of these that the defendant did not take out a writ of error, and cannot now be heard to complain of any adverse rulings in the court below. *Canter* v. *American &c. Ins. Co.*, 3 Pet. 307, 318; *Chittenden* v. *Brewster*, 2 Wall. 191; *The Maria Martin*, 12 Wall. 31, 40; *The Stephen Morgan*, 94 U. S. 599; *Clark* v. *Killian*, 103 U. S. 766; *Loudon* v. *Taxing District*, 104 U. S. 771; *Cherokee Nation* v. *Blackfeather*, 155 U. S. 218.

The judgment of the court below is

*Affirmed.*

Mr. Justice White concurred in the result.