## FALK v. CURTIS PUB. CO.

(Circuit Court, E. D. Pennsylvania. July 2, 1900.)

### No. 8.

COPYRIGHT—INFRINGEMENT OF COPYRIGHTED PHOTOGRAPH—SUIT TO RECOVER PENALTY.

Under Rev. St. § 4965, as amended by Act 1895 (2 Supp. Rev. St. p. 437), no penalty is recoverable for infringement of a copyrighted photograph or other publication, except for such sheets of the infringing publication as have been found in the defendant's possession, for the purpose of forfeiture and condemnation. What is the appropriate procedure where it is sought to both enforce the forfeiture and recover the penalty (whether by a single suit in the nature of replevin, or by separate suits) has not been conclusively determined; but where two suits are brought (one in replevin to recover the sheets, and the other in assumpsit to recover the penalty) the cause of action in the latter suit does not accrue until the infringing sheets have been found in the defendant's possession and seized in the former, and a suit to recover the penalty, brought at the same time as the one in replevin, is premature.

Action in assumpsit to recover the statutory penalty for reproducing a copyrighted photograph. On motion by defendant for judgment non obstante veredicto.

For former reports, see 98 Fed. 989, and 100 Fed. 77.

Samuel M. Hyneman, for plaintiff.

J. Martin Rommel and Hector T. Fenton, for defendant.

James M. Beck, for the United States.

McPHERSON, District Judge. This is an action of assumpsit to recover from the defendant the statutory penalty for reproducing a copyrighted photograph without the owner's consent. A verdict has been rendered for the plaintiff, and the pending motion is based upon the following reservation of a question of law:

"Upon the 29th day of September one copy of the October number [of the infringing magazine] was bought by the office boy of Mr. Hyneman, and at a somewhat later hour of the same day the deputy marshal went to the office

of the defendant with two writs,—one a writ of replevin, and the other a summons in the present case,—and these two writs were served at the same time. Under the writ of replevin a certain number of copies were found. Upon these facts, the court reserves the question of law raised by the defendant's tenth and eleventh points, namely, whether any pecuniary penalty at all is enforceable in this action."

The points referred to are as follows:

"(10) The pecuniary penalty sued for does not attach to alleged infringing copies that may have been printed, sold, offered for sale, or at some time in possession of defendant, but solely to those infringing copies, if any, which were actually found in possession of defendant, and became the property of plaintiff by actual seizure before suit brought.

"(11) In the statute imposing the pecuniary penalty sued for, the word 'found' means that there must be a time before the cause of action accrues at which the infringing copies are actually found in the possession of defendant, for the purposes of forfeiture and seizure. In other words, the pecuniary penalty does not accrue, nor the cause of action arise, until such forfeiture and seizure."

The question for decision arises under section 4965 of the Revised Statutes, concerning the infringement of copyright in photographs and other publications, now amended in certain respects by the act of 1895 (2 Supp. Rev. St. p. 437). This section has frequently been before the courts, but its precise meaning and scope have not yet been definitely ascertained. In some respects, however, its meaning has been determined by recent decisions. In Thornton v. Schreiber, 124 U. S. 612, 8 Sup. Ct. 618, 31 L. Ed. 577, the supreme court of the United States, in considering the phrase "found in his possession," used this language:

"Counsel for defendants in error, Schreiber & Sons, insist that the words 'found in his possession' are to be construed as referring to the finding of the jury; that the expression means simply that, where sheets are ascertained by the finding of the jury to have been at any time in the possession of the person who committed the wrongful act, such person shall forfeit one dollar for each sheet so ascertained to have been in his possession. We, however, think that the word 'found' means that there must be a time before the cause of action accrues at which they are found in the possession of the defendant."

No doubt, this was a dictum, but it was evidently pronounced with deliberation, and it has since been followed in two decisions, both delivered in the case of Bolles v. Outing Co. In the first decision (23 C. C. A. 594, 77 Fed. 966) the court of appeals of the Second circuit, in a very careful opinion, referred to the foregoing quotation, and then went on to say:

"We are of the opinion that the section means to affix the penalty only when the sheets are shown to have been discovered or detected in the possession of the defendant prior to the bringing of the suit. The statute is apparently framed to give the party whose copyright has been invaded complete relief, by an action in which he can procure a condemnation of the infringing sheets, and at the same time recover, by way of compensation, a penalty for every sheet which he is entitled to condemn. The words 'found in his possession' aptly refer to a finding for the purposes of forfeiture and condemnation. The remedy by condemnation and forfeiture is only appropriate in a case where the property can be seized upon process; and where, as here, the forfeiture declared is against property of the 'offender,' it is only appropriate when it can be seized in his hands. The section contemplates two remedies, enforceable in a single suit, each of which depends upon the same state of facts. The

aggrieved party may, at his election, pursue either one or both remedies. But it does not contemplate a recovery of penalties, except in respect to the sheets which can be condemned."

The case was afterwards taken to the supreme court of the United States, and the judgment was affirmed in the second decision to which I have referred (175 U. S. 262, 20 Sup. Ct. 94, Adv. S. U. S. 94, 44 L. Ed. ——), Mr. Justice Brown saying:

"Had congress designed the extended meaning claimed for these words 'found in his possession,' it would naturally have used the expression 'found or traced to his possession,' or 'found to be, or to have been, in his possession.' It is only by interpolating words of this purport that the statute can receive the construction claimed. We concur with the learned judge who spoke for the court of appeals that the words 'found in his possession' aptly refer to a finding for the purpose of forfeiture and condemnation. 'The remedy by forfeiture and condemnation is only appropriate in a case where the property can be seized upon process; and where, as here, the forfeiture declared is against property of the "offender," it is only appropriate when it can be seized in his hands.'"

It is therefore clear that no penalty is recoverable except for such sheets of the infringing publication as may have been found in the defendant's possession for the purpose of forfeiture and condemnation. Finding by means of a purchase or by means of visual inspection is not enough. The finding must be in the course of a proceeding instituted for the express purpose of condemning and forfeiting the infringing articles. The defendant might sell 100 copies to-day, but, if no copy should be found in his possession to-morrow by the officer charged with the execution of the writ under which the condemnation and forfeiture were to be enforced, no penalty could be recovered.

What, then, is the appropriate course of proceeding for the purpose of enforcing the forfeiture alone, or for collecting the penalty alone, or for the double purpose of enforcing the forfeiture and also of collecting the penalty? The nearest approach to a decision upon either of these questions is Morrison v. Pettibone (C. C.) 87 Fed. 330, in which the first branch of the subject was considered by Judge Seaman in deciding a motion for a new trial. The motion was granted upon another ground, but the opinion also examines the question whether replevin is a proper remedy to recover the sheets and plates of an infringing photograph, and reaches the conclusion that such action is appropriate. That was apparently a suit to forfeit the articles themselves, and not to recover the penalty; and the decision does not throw much light upon the question what procedure is appropriate where the plaintiff is seeking either to enforce the penalty alone, or to enforce both the penalty and the forfeiture.

The utterances of the supreme court upon this subject are, I think, not easy to reconcile. In Thornton v. Schreiber, Mr. Justice Miller had apparently two successive suits in mind,—one an action to forfeit, whereby the infringing articles may be found in the possession of the defendant, and a subsequent suit for the penalty; the cause of action to be enforced in the second suit only arising when the articles are thus found. This is the only meaning that I can derive from the declaration that "there must be a time before the cause of action ac-

crued at which [the infringing articles] are found in the possession of the defendant." On the other hand, in Bolles v. Outing Co., Mr. Justice Brown intimates that a single suit may be used for both purposes; but he does not mean the ordinary action of replevin, for he is careful to refer to the proceeding as a suit "in the nature of replevin." The passage is as follows:

"No remedy is provided by the act, although by section 4970 a bill in equity will lie for an injunction; but the provision for a forfeiture of the plates and of the copies seems to contemplate an action in the nature of replevin for their seizure, and, in addition to the confiscation of the copies, for the recovery of one dollar for every copy so seized or found in the possession of the defendant. While the forfeiture is not limited as to the number of copies, it is limited to such as are found in, and not simply traced to, the possession of the defendant."

It seems to me to be clear that the action of replevin, as it is now known to the profession, cannot be used for either purpose or for both without laying violent hands upon it. As it is now used,—at least, in the courts of Pennsylvania, to which I shall confine my attention,—the claim property bond is an essential part of the proceeding. A plaintiff may use this form of action when he claims personal property in the possession of another, if the claimant has the right to possession. This contingency may present one objection to its use when the object is to forfeit, although the answer may be, as suggested by Judge Seaman in Morrison v. Pettibone:

"That the term 'forfeit,' as used in the statute, is not to be taken in its strict, ordinary sense; that the act of congress, clearly intending to give to the proprietor an exclusive right of property in that which has been produced by his mind and skill, confers as well an ownership in all copies which are made by infringers; that through the act of piracy the title to the imitation vests in the proprietor of the copyright, in that sense only being forfeited, and, so regarded, replevin would lie to obtain possession."

However this may be, the right of the defendant to give a claim property bond, and thus retain the property, with an indefeasible title thereto, must be wholly disregarded before the right to forfeit can be enforced. It would be useless to attempt to forfeit sheets and plates, if the defendant may give a bond for the value, and then become the undisputed owner. Moreover, the action of replevin in Pennsylvania has never been used to recover a separate, independent penalty, such as is given by this act of congress. The only money recovery that is permitted is the value of the property, or damages for its detention, or both damages and value.

But as the act of congress has given a special right of action, which the injured party may use to enforce either or both of the punishments provided for infringement, it is probably not too much to say that it does not pass the wit of the bench and the bar to find a satisfactory method of procedure. It may well be that the action on the case,—now called "trespass" in Pennsylvania,—being an action ex delicto, and therefore appropriate to redress such a wrong as is done by an infringer, might be so molded as to accomplish either or both purposes. The writ of summons delivered to the marshal might be so framed as to contain a clause directing him to seize the offending articles, and thereafter the cause might proceed, at the plaintiff's

option, either to judgment of forfeiture alone, or for recovery of the penalties alone, or to enforce both these punishments for the defendant's wrongdoing.

These, however, are suggestions merely. For the present I am concerned simply with the case in hand, and here I think it is apparent that neither of the remedies referred to by the supreme court has been adopted. Instead of one suit, there were two suits, and therefore the single action "in the nature of replevin" was not followed. Neither was the proceeding by means of two writs—assuming that course to be permissible—properly carried out. Apparently guided by Thornton v. Schreiber, the plaintiff caused two writs to issue at the same time; one beginning an action of replevin to seize the magazines, and the other beginning an action of assumpsit to recover the penalties provided by the act. The writs were put into the marshal's hands together, and were served simultaneously upon the defendant. The action of replevin has not yet been tried, but in the action of assumpsit a trial has been had, and the verdict now being considered has been rendered for the plaintiff. The precise question, therefore, is not whether a single action would lie, both for condemnation and for penalty, but whether, since the plaintiff has chosen to bring two suits, the action of assumpsit was not prematurely brought, or, in other words, whether the plaintiff had a cause of action for the penalty at the time the writ in assumpsit was issued. In my opinion, assuming two suits to be permissible, he had no such cause of action, and the defendant is therefore entitled to judgment upon the pending motion. In Thornton v. Schreiber, supra, as already pointed out, the court declared that "there must be a time before the cause of action accrued at which [the infringing articles] are found in the possession of the defendant." The subsequent decisions in Bolles v. Outing Co. show that the finding must be by means of a proceeding instituted for the express purpose of condemnation and forfeiture. Taking the decisions together, I think the result would be that no action for the penalty could be brought until the infringing publications have been "found." It is this finding that would give the plaintiff a right to sue for the penalty, and obviously he could not begin a suit until he had a cause of action. When, therefore, the present plaintiff issued a writ of assumpsit to recover the penalty denounced by the act, he was suing prematurely. At that time no infringing copies of the photograph had been "found" in the defendant's possession, and no cause of action accrued. The purchase of one copy by the boy was not a finding for purposes of condemnation and forfeiture, and gave no right to sue, even for the minimum penalty of $100. That no cause of action had yet accrued appears clearly, I think, from the further consideration that when the writ of assumpsit was issued it would have been impossible for the plaintiff to file a statement or declaration. He could not know at that time for how much he was entitled to sue,—whether for the penalty upon one copy or for the penalty upon a thousand copies. This could only be determined after the writ of replevin should be executed, and only then, as it seems to me, did the plaintiff have a distinct, ascertainable cause of action for the penalty.

Considered, therefore, from either point of view, the plaintiff's ac-

tion of assumpsit cannot be maintained. It is not a single suit "in the nature of replevin," in which both forfeiture and penalty may be enforced; and if maintainable at all as a suit-for the penalty, and for the penalty alone, it was brought before the cause of action accrued. It is hardly necessary to add that, as the plaintiff is seeking to enforce a highly penal statute, he is rightly held to a strict compliance with the forms of legal procedure, especially where he is suing a defendant who was apparently innocent of any intent to infringe, and is liable, if at all, by reason of the mere fact of publication, and not because he was consciously doing the plaintiff a' wrong.

The defendant's motion for judgment upon the reserved point notwithstanding the verdict must prevail.