## FALK v. CURTIS PUB. CO.

(Circuit Court of Appeals, Third Circuit. February 20, 1901.)

### No. 33.

COPYRIGHT—INFRINGEMENT OF COPYRIGHT FOR PHOTOGRAPH—SUIT TO RECOVER PENALTY.

Rev. St. § 4965, as amended by Act 1895 (2 Supp. Rev. St. p. 437), providing that any infringer of a copyrighted photograph or publication, as therein specified, "shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported or exposed for sale," is penal in character, and highly punitive in effect, and must be strictly construed. The provision imposing a penalty of one dollar per sheet applies only to such sheets as have been found in the defendant's possession for the purpose of forfeiture and condemnation under the preceding clause, and until the sheets have been so found no right of action to recover such penalty accrues.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For former reports, see 98 Fed. 989, 100 Fed. 77, and 102 Fed. 967.

Samuel M. Hyneman, for plaintiff in error.

J. Martin Rommel, for defendant in error.

Before GRAY, Circuit Judge, and BRADFORD and BUFFING-TON, District Judges.

BUFFINGTON, District Judge. In the court below, Benjamin F. Falk, the plaintiff in error, brought an action of assumpsit against the Curtis Publishing Company to recover the statutory penalty forfeited to him under the provisions of section 4965 of the Revised Statutes, as amended by the act of 1895 (2 Supp. Rev. St. p. 437), by reason of the possession of copies of a copyrighted photograph. On the trial a verdict was rendered in his favor for $3,000, subject to the following reservation of law:

"Upon the 29th day of September one copy of the October number [of the infringing magazine] was bought by the office boy of Mr. Hyneman, and at a somewhat later hour of the same day the deputy marshal went to the office of the defendant with two writs, one a writ of replevin, and the other a summons in the present case, and these two writs were served at the same time. Under the writ of replevin, a certain number of copies were found. Upon these facts, the court reserves the questions of law raised by the defendant's tenth and eleventh points, namely, whether any pecuniary penalty at all is enforceable in this action."

The points referred to are as follows:

"(10) The pecuniary penalty sued for does not attach to alleged infringing copies that may have been printed, sold, offered for sale, or at some time in possession of defendant; but solely to those infringing copies, if any, which were actually found in possession of defendant, and became the property of plaintiff by actual seizure, before suit brought.

"(11) In the statute imposing the pecuniary penalty sued for, the word 'found' means that there must be a time before the cause of action accrues at which the infringing copies are actually found in the possession of defendant for the purpose of forfeiture and seizure; in other words, the pecuniary penalty does not accrue, nor the cause of action arise, until such forfeiture and seizure."

The amended section provides that any person offending against its provisions "shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported or exposed for sale, * * * one half thereof to the proprietor and the other half to the use of the United States." The plaintiff brought two actions simultaneously against the defendant, and process in both was served at the same time. One was replevin to seize the offending prints; the other, assumpsit to recover the statutory penalty. On the writ of replevin some 3,000 prints, then found in the defendant's possession, were seized and delivered to the plaintiff. In the action of assumpsit the court below entered judgment in favor of the defendant on the reserved question, being of opinion no right of action to recover the forfeited penalty arose until the finding of the offending prints in the defendant's possession when they were seized on the writ of replevin. Such action of the court is here alleged for error, but we fail to see wherein error exists. The forfeit for which a right of action is given is not of "one dollar

for every sheet in the possession" of defendant, but of "one dollar for every sheet of the same found in his possession." This statute, penal in character and highly punitive in effect, must be strictly construed, and, where the forfeiture is an arbitrary sum on sheets "found in his possession," we must give these provisions, viz. "found" and "found in his possession," due effect. Moreover, that the forfeiture arises, not on the subsequent finding by a jury, but on an actual finding of sheets in the defendant's possession, is evidenced by the fact that the finding specified in the act refers to an act then being carried on, viz. "either printing," or to an existing condition, viz. "exposed to sale." The language is, "every sheet of the same found in his possession, either printing, printed, copied, published, imported or exposed to sale." In Bolles v. Outing Co., 175 U. S. 268, 20 Sup. Ct. 96, 44 L. Ed. 158, the supreme court expressly decided that the words "found in his possession" aptly refer to a finding for the purpose of forfeiture and condemnation, and that the remedy by forfeiture and condemnation is only appropriate where the property can be seized upon process. In the case in hand there was no seizure by condemnation, forfeiture, or otherwise before the bringing of the present suit, no prints had been found in the defendant's possession when the summons in assumpsit issued, and consequently the defendant had not then "forfeit[ed] one dollar for every sheet found in his possession." If there was no forfeit when the action began, it follows there was no existing right of action to recover the fruit of the forfeiture; for an action is the prosecution of an existing right. There must be finding before there is forfeiture; there must be forfeiture before the right accrues to sue for the forfeited penalty. This is in accord with what was said in Thornton v. Schreiber, 124 U. S. 621, 8 Sup. Ct. 622, 31 L. Ed. 580, viz.: "We, however, think that the word 'found' means that there must be a time before the cause of action accrues at which they are found in the possession of the defendant." That such expression was not necessary to the decision of that case is asserted; but in view of the fact that the supreme court, when discussing Thornton v. Schreiber in Bolles v. Outing Co., supra, took no occasion to dissent from such construction, and that no correction was made of the statement, in the opinion of the court below then being reviewed, "that the observation must be regarded as the deliberate opinion of the court" (see Bolles v. Outing Co., 77 Fed. 968, 23 C. C. A. 594), we are warranted in holding, as the court below did, that no right of action had accrued to the plaintiff when his action of assumpsit was begun, and that such view is in accord with the expressed views of the supreme court of the United States. The judgment of the court is affirmed.