### BOSTON TRAVELER CO. v. PURDY.

(Circuit Court of Appeals, First Circuit. May 16, 1905.)

#### No. 575.

COPYRIGHT—INFRINGEMENT—RECOVERY OF PENALTY.

    Rev. St. § 4965, as amended by Act March 2, 1895, c. 194, 28 Stat. 965 [U. S. Comp. St. 1901, p. 3414], relating to the recovery for infringement of copyright, was not changed by the proviso added by the amendment that, in case of infringement of copyright of a photograph, the recovery shall not be less than $100 nor more than $5,000, so far as the rule of Bolles v. Outing Co., 20 Sup. Ct. 94, 175 U. S. 262, 44 L. Ed. 156, is concerned.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Edmund A. Whitman (N. Sumner Myrick, on brief), for plaintiff in error.

Samuel K. Hamilton (Hamilton & Eaton, on brief), for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This suit was brought· on: section 4965 of the Revised Statutes, amended by the act of March 2, 1895, c. 194, 28 Stat. 965 [U. S. Comp. St. 1901, p. 3414], for the alleged infringement of copyrighted photographs. The act as thus amend-, ed is as follows:

"Sec. 4965. If any person, after the recording of the title of any map, chart, dramatic or musical composition, print, cut, engraving or photograph, or chromo, or of the description of any painting, drawing, statue, statuary, or model or design·intended to be perfected and executed as a work of the fine arts, as provided by this act, shall, within the term limited, contrary to the provisions of this act, and without the consent of the proprietor of the ·copyright first obtained in writing, signed in presence of two or more witnesses, engrave, etch, work, copy, print, publish, dramatize, translate or import, either in whole or in part, or by varying the main design, with intent to evade the law, or, knowing the same to be so printed, published, dramatized, translated or imported, shall sell or expose for sale any copy of such map or other article, as aforesaid, he shall forfeit to the proprietor all the· plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported, or exposed for sale; and in case of a painting, statue, or statuary, he shall forfeit ten dollars for every copy of the same in his possession, or by him sold or exposed for sale: provided, however, that in case of any such infringement of the copyright of a photograph made from any object not a work of fine arts, the sum to be recovered in any action brought under the provisions of this section shall be not less than one hundred dollars, nor more· than five thousand dollars, and: provided, further, that in case of any such infringe-. ment of the copyright of a painting, drawing, statue, engraving, etching, print, or model or design for a work of the fine arts or of a photograph of a work of the fine arts, the sum to be recovered in any action brought through the provisions of this section shall be not less than two hundred and fifty. dollars, and not more than ten thousand dollars. One half of all the foregoing penalties shall go to the proprietors of the copyright and the other half to the use of the United States."

The verdict was for the plaintiff below, and the defendant below took out this writ of error.

The Revised Statutes contained neither of the provisos of the act of March 2, 1895, except ·the substance ·of ·the closing sentence, directing that one-half of the penalty should be for the use of the United States. It cannot be contended, and in fact it is not contended, that this case is not fully within Bolles v. Outing Company, 175 U. S. 262, 20 Sup. Ct. 94, 44 L. Ed. 156, except that the latter arose·before the amendatory act. It is claimed by the plaintiff below that Bolles. v. Outing· Company does not necessarily apply, on the ground that the first of the two provisos gave a new right or a new remedy, and that it is not limited by section 4965 as it stood in the .Revised Statutes. It is true that it must þe acknowledged, as said in United States v. Whitridge, 197 U. S. 135, 143, 25 Sup. Ct. 406, 49 L. Ed. ——, that a proviso is not always limited by what precedes it. On the other hand, the general rule is stated in United States v. Newhall (C. C.) 91 Fed. 525, 529, as follows:

"Under a familiar principle of statutory construction, a proviso is to be strictly construed, and it takes no case out of the enacting clause unless what does not fall fairly within its terms."

In this case, however, it is. so clear, for various reasons, that this proviso is so limited, ·that we neeḍ not discuss ·this·at length. It

is only necessary to state that the following language, "the sum to be recovered in any action brought under the provisions of this section," renders any other construction impracticable. We have no occasion to go further than this, but it is not difficult to perceive that the true purpose of this amendment was to prevent, on the one hand, forfeitures in extravagant amounts, and, on the other, to give a more substantial relief than the possible meager sum of a single dollar; and it is reasonable to suggest that its probable practical application is to give relief to the extent of $100 when any part of 100 copies or sheets are "found," and of not more than $5,000 in any event of a maximum number of copies. The result of this would be that, so far as the penalty is concerned, it becomes, on the one side, less oppressive, and, on the other, more remedial, which would be a sufficient explanation of the amendment. However this may be, the words which we have quoted necessarily determine the construction to be given to the proviso under consideration. The result is that, notwithstanding the act of March 2, 1895, Bolles v. Outing Company controls this suit. Other interesting questions are involved, but it is not necessary to consider them.

The judgment of the Circuit Court is reversed, the verdict is set aside, the case is remanded to that court for further proceedings not inconsistent with the opinion passed down this day, and the plaintiff in error recovers its costs of appeal.