## AMERICAN TOBACCO CO. v. WERCKMEISTER.

(Circuit Court of Appeals, Second Circuit. April 4, 1906.)

No. 105.

1. COPYRIGHT—PAINTING—COPYRIGHT BY "ASSIGN" OF OWNER OR AUTHOR.
   Under Rev. St. § 4952, as amended by Act March 3, 1891, c. 565, 26 Stat. 1106 [U. S. Comp. St. 1901, p. 3406], which authorizes the proprietor of any painting, etc., "or assigns of any such person," to obtain a copyright thereon, the owner of a painting may transfer to another by assignment the right of copyright, although the assignee does not become the owner of the painting.

   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Copyrights, § 22.]

2. SAME—NOTICE OF COPYRIGHT.
   Act June 18, 1874, 18 Stat. 78 [U. S. Comp. St. 1901, p. 3411], relating to notice of copyright, does not require such notice to be placed upon the original of a copyrighted painting or upon its mount, but only upon the copies thereof.

   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Copyrights, § 29.]

3. SAME—ACTION FOR FORFEITURE OF COPIES.
   An action by the owner of the copyright of a painting, brought under Rev. St. § 4965 [U. S. Comp. St. 1901, p. 3414], for a forfeiture of the plates and copies of an infringing publication, is not the statutory action of replevin, and the right to maintain it does not depend on plaintiff's ownership or previous right of possession.

In Error to the Circuit Court of the United States for the Southern District of New York.

See 138 Fed. 162.

This cause comes here upon a writ of error to review a judgment of the Circuit Court, Southern District of New York, in favor of defendant in error, who was plaintiff below. The court adjudged that "plaintiff have and retain, and is entitled to the possession of, 1,196 sheets, each containing copy of plaintiff's copyrighted picture Chorus, found in the possession of defendant, and replevied by the U. S. Marshal; said sheets having been made in violation of plaintiff's copyright, and that the same are forfeited to the plaintiff, and are of the value of $1,010," and awarding judgment for costs. Mr. Sadler, an English artist, painted the picture, and on April 2, 1894, delivered to the plaintiff, a German citizen, the following paper: "I hereby transfer the copyright in my picture Chorus to the Photographische Geesellschaft, Berlin, for the sum of £200." Prior to that he had loaned the picture to plaintiff, who is the Photographische Geesellschaft, for the purpose of preparing a photogravure thereof. Upon the return of the painting, it was exhibited without notice of copyright in the exhibition of the Royal Academy, London, May to August, 1894. We have held that such exhibition was not a publication, because the rules and practice of the Academy prohibited the making of any copies of pictures there exhibited. Werckmeister v. Am. Lith. Co. (C. C. A.) 134 Fed. 321, 68 L. R. A. 591. On April 16, 1894, plaintiff took out a copyright in this country, and began the publication of the painting in this country and in foreign countries by the sale of photographic or photogravure copies thereof. Sadler retained possession of the painting until October, 1899, when he sold it to a Mr. Cotterell, residing in London, and at the time of the taking of testimony in this cause it was hanging in his dining room. Sadler told Cotterell before effecting the sale of the painting that he had already sold the copyright to the Berlin company, but at no time, so far as the evidence shows, was there inscribed upon some visible portion of the

painting, or on the substance upon which it was mounted, or on the frame thereof, any notice of copyright.

Wm. A. Jenner, for plaintiff in error.

Antonio Knauth, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. It is contended that plaintiff had no legal right to take a copyright, that he was not, within the meaning of section 4952 [U. S. Comp. St. 1901, p. 3406], an "assign" of the author, and that no one but the author or proprietor of the original painting is entitled to take a copyright. This point has been fully discussed by Judge Putnam in Werckmeister v. Pierce & Bushnell Co. (C. C.) 63 Fed. 455, and by Judge Holt in Werckmeister v. Am. Lithographic Co. (C. C.) 142 Fed. 827. We concur in their conclusions, and are of the opinion that plaintiff secured a statutory copyright.

It is next contended that plaintiff has no right to maintain the action because of omission to give the notice of copyright prescribed by section 4962 [U. S. Comp. St. 1901, p. 3411] on the original painting or its mount. That point also is discussed in the cases last-above cited, and we concur in the conclusions therein expressed, although a majority of the Circuit Court of Appeals in the First Circuit reached a different conclusion. Pierce & Bushnell Mfg. Co. v. Werckmeister, 72 Fed. 54, 18 C. C. A. 431.

It is next contended that this action cannot be maintained because plaintiff did not have the right of property or possession before commencing the action. This is on the theory that the proceeding is an ordinary action of replevin under the New York Code. It is, however, a direct proceeding to secure condemnation and forfeiture of the goods, as the complaint and judgment shows. It is the "action in the nature of replevin for seizure of plates and copies," which is referred to in Bolles v. Outing Co., 175 U. S. 266, 20 Sup. Ct. 95, 44 L. Ed. 156, although the penalty for each copy seized or found in defendant's possession is not included in the same action, as this court intimated that it might be. Bolles v. Outing Co., 77 Fed. 966, 23 C. C. A. 594. The marshal seizes them to await the judgment of the court, under a writ which is most analogous to a writ of replevin, but which the Circuit Court issues, not solely under section 914 [U. S. Comp. St. 1901, p. 684], but under the broad grant of power in section 716 [U. S. Comp. St. 1901, p. 580]. There have been a great number of decisions upon this vexed question as to how the relief accorded by section 4965 [U. S. Comp. St. 1901, p. 3414] shall be secured, and they are not altogether harmonious. It will not be profitable to discuss them. The question can be decided only by the Supreme Court, and, even if we were of the opinion that the action and the writ were of more doubtful validity than we are inclined to attribute to them, it would seem to be the wiser course to affirm, and thus secure a final determination of the question, since upon all the other propositions in the case we are satisfied that no error was committed by the trial court.

Other points raised (that defendant's constitutional rights have been invaded by execution of the writ, and that information procured un-

der it could not be lawfully used against defendant under the fourth and fifth amendments to the Constitution) seem to be disposed of by the recent decision in Hale v. Henkel (U. S. Sup. Ct. March 12, 1906), 26 Sup. Ct. 370, 50 L. Ed. 652.

The judgment is affirmed.