STERN et al. v. JEROME H. REMICK & CO.

(Circuit Court, S. D. New York. October 27, 1908.)

COPYRIGHTS (§ 70*)—ACTION TO RECOVER PENALTIES FOR INFRINGEMENT—PROCEDURE.

A circuit court has authority under Rev. St. § 716 (U. S. Comp. St. 1901, p. 580), to issue a writ for the seizure of infringing copies of a copyright publication alleged to be in the possession of the infringer as preliminary to an action under Rev. St. § 4965 (U. S. Comp. St. 1901, p. 3414), to recover the penalty prescribed therein for each copy found in the possession of the defendant, such writ being one necessary for the exercise of the court's jurisdiction, since under the ruling of the Supreme Court such copies must be "found" before the cause of action to recover the penalty accrues.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 70.*]

On Motion to Vacate Writ of Seizure.

Cohen, Creevey & Richter, for plaintiffs.
House, Grossman & Vorhaus (Charles Goldzier, of counsel), for defendant.

WARD, Circuit Judge. On or about October 12, 1908, the plaintiffs filed a petition for a writ directing the United States marshal to seize and hold under U. S. Rev. St. 4965 (U. S. Comp. St. 1901, p. 3414), certain copies of a song alleged to have been copyrighted by it. The marshal did seize, and now holds, the same.

October 16, 1908, a summons was issued in an action brought by the plaintiffs against the defendant, described on the face of the summons as an "action for forfeiture of plates and copies and to recover penalties under section 4965, Rev. St. U. S. as amended." Subsequently on the same day an order to show cause why the writ of seizure should not be vacated was served by the defendant's attorneys. The defendant contends that the court had no jurisdiction to issue the writ of seizure because no action was pending at the time. Congress has prescribed no form of action appropriate for seizing copies subject to forfeiture and penalties under section 4965, but the Supreme Court has said that an action "in the nature of replevin" seems to be contemplated. Bolles v. Outing Co., 175 U. S. 266, 20 Sup. Ct. 94, 44 L. Ed. 156. The common-law action of replevin could not have been contemplated because it supposes title in the plaintiff at the time of seizure, and a right in the defendant by giving a bond to retain possession of the property as his own.

The difficulty in practice has been caused by a remark of Justice Miller in Thornton v. Schreiber, 124 U. S. 613, 621, 8 Sup. Ct. 618, 622, 31 L. Ed. 577, to the effect that "we, however, think that the word 'found' means that there must be a time before the cause of action accrues at which they are found in the possession of the defendant." In Falk v. Curtis Publishing Company (C. C.) 102 Fed. 967, affirmed 107 Fed. 126, 46 C. C. A. 201, because of this remark the court below held that no cause of action arose until the seizure, and therefore a suit brought before seizure was premature. Judge Hazel followed this case in Childs v. New York Times Co. (C. C.) 110 Fed. 527. The general rule is that a suit is commenced when the summons is taken out. 1 Cyc. 739. But section 416 of the Code of Civil Procedure provides that an action is commenced when the summons is served. It is as follows:

"416. Action to be commenced by summons; time when court acquires jurisdiction.

"A civil action is commenced by the service of a summons. But from the time of the granting of a provisional remedy, the court acquires jurisdiction, and has control of all the subsequent proceedings. Nevertheless, jurisdiction thus acquired is conditional, and liable to be divested, in a case where the jurisdiction of the court is made dependent, by a special provision of law, upon some act to be done after the granting of the provisional remedy."

I think under section 721, Rev. St. U. S. (U. S. Comp. St. 1901, p. 581), this provision of the New York law applies to a summons issuing out of this court. If so, the practice under section 4965 is made extremely simple. Plaintiff can obtain his writ of seizure and his summons at the same time, put them both in the hands of the marshal (or he may employ a private person to serve the summons in accordance with the state practice), and direct him to serve the summons after making the seizure. If this be not so, still I think that the writ of seizure is, as held in American Tobacco Co. v. Werckmeister, 146 Fed. 375, 76 C. C. A. 647, one which the court is authorized to issue under section 716, Rev. St. U. S. (U. S. Comp. St. 1901, p. 580), as necessary for the exercise of its jurisdiction. This court having exclusive jurisdiction, under Rev. St. U. S. §§ 629 and 711 (U. S. Comp.

St. 1901, pp. 503, 577), of copyright cases, cannot exercise it unless the goods subject to forfeiture and penalty are seized before the cause of action arises.

That it is also agreeable to the usages and principles of law may be inferred from sections 416 and 1693 of the New York Code of Civil Procedure, although they apply to the action of replevin. The latter reads as follows:

"Where a chattel is replevied before the service of the summons, as prescribed in this article, the seizure thereof by the sheriff is regarded as equivalent to the granting of a provisional remedy, for the purpose of giving jurisdiction to the court and enabling it to control the subsequent proceedings in the action; and as equivalent to the commencement of the action, for the purpose of determining whether the plaintiff is entitled to maintain the action, or the defendant is liable thereto."

In Acker v. Hautemann, 27 Hun (N. Y.) 48, the General Term said:

"The action was brought to recover possession of personal property, and the effect of the neglect of the sheriff to make service of the summons was that the chattels were replevied before the service of the summons. The seizure, therefore, must be deemed as equivalent to the granting of a provisional remedy for the purpose of giving jurisdiction to the court and enabling it to control the subsequent proceedings in the action, and as equivalent to the commencement of the action for the purpose of determining whether or not the plaintiff had a right to maintain the action, as the defendant is liable thereto."

The practice followed by the plaintiffs conformed to the proceedings in Richardson v. Bosselman, 164 Fed. 781, in which Judge Lacombe refused to vacate the writ of seizure because it issued and the seizure was made before the summons was taken out.

Motion denied.