### HILLS & CO., Limited, v. AUSTRICH.

(Circuit Court, S. D. New York. March 7, 1903.)

1. COPYRIGHTS—PICTURES—"PRINTS."

Rev. St. § 4956 [U. S. Comp. St. 1901, p. 3407], authorizes the copyright of any "book, chart, * * * cut, print, * * * or design, for a work of the fine arts, provided that in the case of a book, photograph, chromo, or lithograph, the two copies of the same required to be delivered or deposited, shall be printed from type set within the limits of the United States, or from plates made therefrom, or from negatives or drawings on stone made within the limits of the United States." *Held*, that pictures printed in successive colors from metal plates, from which part of the metal has been cut so as to leave portions thereof in relief, were entitled to copyright as "prints," within the general enumeration of the section, and were not within the proviso because not "printed from drawings on stone."

2. SAME—COPYRIGHT NOTICE.

A copyright notice reciting, "Copyright, 1902, Published by Hills & Co., Ltd., London, England," was sufficient.

Benno Loewy, for the motion.
Morris Cukor, opposed.

LACOMBE, Circuit Judge. Section 4956 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 3407] provides for copyright of "book, map, chart, dramatic or musical composition, engraving, chromo, cut, print, * * * photograph, * * * painting, drawing, statue, statuary, model or design for a work of the fine arts.

---

¶ 1. Matter subject to copyright, see note to Amberg File & Index Co. v. Shea Smith & Co., 27 C. C. A. 248.

\* \* \* provided, that in the case of a book, photograph, chromo, or lithograph, the two copies of the same required to be delivered or deposited \* \* \* shall be printed from type set within the limits of the United States, or from plates made therefrom, or from negatives, or drawings on stone made within the limits of the United States, or from transfers made therefrom." It is apparent from the context that Congress used the word "chromo" with its dictionary meaning, viz., an abbreviation of "chromo-lithograph," and that it understood the word "lithograph" to cover a print "made from a drawing or drawings on stones."

The four pictures which are the subject of the complaint have certainly been "printed" from something. They were not painted or photographed or drawn upon the paper which now bears them. They are, therefore, within the enumeration "prints." The testimony of the persons who made them, accompanied by the original plates, with impressions therefrom taken in different stages of completion, overwhelmingly establishes just how they are made. Without now deciding whether the completed picture is an "engraving" within the meaning of that word, as used in the statute, there can be no doubt it has been printed in successive colors from metal plates, from which plates part of the metal has been cut out so as to leave portions thereof in relief. They are "prints" within the general enumeration of the section, and are not within the proviso, because they have not been "printed from drawings on stone."

It is objected that the copyright notice is defective, because there is testimony tending to show that on some of the copies sold by complainant the phrase used was: "Copyright, 1902, Published by Hills & Co., Ltd., London, England." Reliance is placed on Osgood v. U. S. Aloe Inst. Co. (C. C.) 83 Fed. 470. The fundamental difficulty with the alleged statutory notice in that case, however, was that one half of it was printed on one page and the other half on the next one. The notice in this case is sufficient, within the ruling of the Court of Appeals in Bolles v. Outing Company, 23 C. C. A. 594, 77 Fed. 966.

Motion for preliminary injunction is granted.