## RINEHART v. SMITH et al.

### (Circuit Court, E. D. Pennsylvania.   March 18, 1903.)

### No. 82.

1. COPYRIGHTS—FORFEITURES—ENFORCEMENT—REPLEVIN.

The common-law action of replevin, as it is practiced in Pennsylvania, is not an appropriate remedy by which to enforce the forfeiture provided by Rev. St. § 4965 [U. S. Comp. St. 1901, p. 3414], which declares that, if any person shall sell or expose for sale any copyrighted article without the consent of the proprietor first obtained, he shall forfeit all the plates on which the same shall be copied, etc., and the legislation supplementary thereto.

Demurrer to Statement.

Henry E. Everding, for plaintiff.

Hector T. Fenton, for defendants.

J. B. McPHERSON, District Judge.   For reasons given in Falk v. Curtis Pub. Co. (C. C.) 102 Fed. 967, I do not think that the common-law action of replevin, as it is practiced in the state of Pennsylvania, is an appropriate remedy to enforce the forfeiture provided by section 4965 of the Revised Statutes [U. S. Comp. St. 1901, p. 3414], and the supplementary legislation relating to copyright.   This is such an action, in which the defendant has given a claim-property bond, and retained the offending articles; and these have thereby become, according to the Pennsylvania law, his indefeasible property.   They cannot be forfeited now, even if such a result had ever been attainable in an action of replevin; and therefore, as it seems to me, the suit should be dismissed, because its only object cannot possibly be reached.   The act of Congress gives no right to sue for the value of the articles, or damages for their detention, and in Pennsylvania nothing else can now be recovered.

The subject should be dealt with by Congress, so that an adequate and uniform remedy might be provided, and the doubts now existing, concerning the proper method of enforcing the forfeiture, be dispelled.   As the matter stands, there is no form of action in Pennsylvania that can be applied without serious modification.   The court's power over its own writs may be broad enough to authorize the necessary changes, but federal legislation is obviously the source from which the remedy would come most speedily and satisfactorily.

The seventh and eighth grounds of the demurrer are sustained.