GUSTIN v. RECORD PUB. CO.

(Circuit Court, E. D. Pennsylvania.    January 27, 1904.)

No. 44.

1. COPYRIGHT—FORFEITURE FOR INFRINGEMENT—FORM OF ACTION.
    The action of replevin, as practiced in Pennsylvania, is not an appropriate remedy for enforcing the forfeiture provided by Rev. St. § 4965, as amended in 1895 [U. S. Comp. St. 1901, p. 3414], relating to infringement of copyrighted maps, prints, etc.

At Law.    On motion for new trial.

Thomas J. Meagher and Samuel A. Boyle, for plaintiff.
J. W. Bayard and John G. Johnson, for defendant.

J. B. McPHERSON, District Judge. This case presents the same question that was decided in Rinehart v. Smith (C. C.) 121 Fed. 148, namely, whether the action of replevin, as it is practiced in the state of Pennsylvania, is an appropriate remedy to enforce the forfeiture provided by section 4965 of the Revised Statutes (U. S. Comp. St. 1901, p. 3414), and by the subsequent legislation relating to copyright. The reasons there referred to, which moved the court to answer the question in the negative, are expressed more at length in Falk v. Curtis Pub. Co., 102 Fed., on page 970, reported on appeal in 107 Fed. 126, 46 C. C. A. 201, and need not be repeated now. The Pennsylvania statute of 1901 (P. L. 88) concerning the action of replevin, which had not been enacted when Falk v. Curtis Pub. Co. was decided, and was not called

to my attention when the opinion in Rinehart v. Smith was prepared, does not, I think, materially impair their force. It is true that section 7 of the act of 1901 has given to the plaintiff the option to change the effect of the claim property bond, as will be seen by an examination of the section:

"If the title to said goods and chattels be found finally to be in a party who has not been given possession of the same in said proceeding, the jury shall determine the value thereof to the successful party, and he may at his option issue a writ in the nature of a writ of retorno habendo, requiring the delivery thereof to him, with an added clause of fieri facias as to the damages awarded and costs; and upon failure so to recover them, or in the first instance, he may issue execution for the value thereof and the damages awarded and costs; or he may sue in the first instance upon the bond given, and recover thereon the value of the goods and chattels, damages and costs, in the same manner that recovery is had upon other official bonds."

Since the passage of this act, therefore, the claim property bond does not vest an incontestable title to the goods in the defendant, but it still gives him a valid, although defeasible, title against the plaintiff himself, and all other persons, until final judgment; and even then his title is not automatically divested by reason of the plaintiff's success, but continues to exist with full power of disposal until the plaintiff exercises his option and issues the writ of retorno habendo, thus showing that he prefers the goods themselves to their value in money. In reply to this suggestion, the plaintiff argued that a bill in equity might be filed in aid of the action at law, and that the court would enjoin the defendant from disposing of the goods until the replevin was decided. But I think it very doubtful whether, save perhaps in extraordinary cases, a plaintiff who had as yet no title of any kind to the property, and no right of possession, would be permitted thus to use so drastic a remedy as a preliminary injunction, which is only granted where the right is clear and there is apparent danger of irreparable injury.

But there are other reasons why the Pennsylvania action of replevin is an inappropriate remedy. First, it is well settled in this state that replevin cannot be maintained without showing a general or special, an absolute or a qualified, property in the plaintiff at the beginning of the action, together with the right of immediate possession. Lake Shore Ry. Co. v. Ellsey, 85 Pa. 283; Strong v. Dinniny, 175 Pa. 586, 34 Atl. 919. And this is the rule in other jurisdictions also. "The plaintiff must show a general or special property in the goods replevied, and when the issue raised is one of title he must prove a title on which to base a lawful possession." 20 Amer. & Eng. Enc. of Law, 1054, and cases cited in the notes. Neither of these requirements is possessed by a plaintiff who is seeking to forfeit the defendant's property in an action of replevin under section 4965. When the action is brought the plaintiff has no title of any kind or degree to the property in question. He can only obtain title by a final judgment in his favor, and until then he has neither right of property nor right of possession. If no claim property bond is given, the right of possession is in the marshal, who holds the goods by virtue of his writ while the question of forfeiture is being fought out. This is one fundamental difference between the Pennsylvania action of replevin and the remedy which is needed to make section 4965 effective.

Another difficulty is found in the kind of judgment that should be entered to enable the plaintiff to enjoy the fruits of his victory. This may be illustrated by quoting what the plaintiff has asked for in the present case:

"Wherefore plaintiff demands judgment against defendant as follows:

"First. Judgment of forfeiture by defendant to plaintiff of all the plates and cuts of the said outside cover page of said 'The Philadelphia Record in Miniature,' bearing date 'Philadelphia, Saturday Morning. June 1st, 1901, No. 10,681.'

"Second. Judgment of forfeiture by defendant to plaintiff of every sheet of the last outside cover page of the said 'The Philadelphia Record in Miniature,' bearing date 'Philadelphia, Saturday Morning, June 1st, 1901, No. 10,681,' and indorsed thereon, 'Ideas and Illustrations for Advertisers, The Beck Engraving Company, Philadelphia, Pa.,' on which said painting 'He loves me, he loves me not' is printed.

"Third. That as a forfeiture said defendant deliver to plaintiff one thousand copies of said last outside cover page of said 'The Philadelphia Record in Miniature,' bearing date 'Philadelphia, Saturday Morning, June 1st, 1901, No. 10,681,' on which said painting 'He loves me, he loves me not' is copied or printed, as aforesaid, or, in case a delivery cannot be had, the sum of twenty-five ($25) dollars.

"Fourth. Judgment of forfeiture by defendant to plaintiff of ten ($10) dollars for every copy of said painting 'He loves me, he loves me not,' on the last outside cover page of the said 'The Philadelphia Record in Miniature,' bearing date 'Philadelphia, Saturday Morning, June 1st, 1901, No. 10,681,' in possession of defendant, or by him distributed, published, or sold. Such judgment not to exceed in the aggregate, however, the sum of ten thousand ($10,000) dollars, whereof one-half is to be paid to plaintiff and one-half to the use of the United States.

"Fifth. Judgment in favor of plaintiff against defendant for his costs and disbursements in this suit."

Such a judgment was never heard of in the Pennsylvania action. If the plaintiff recovers, the judgment there is always for the goods with damages for taking and unjustly detaining them, or for the money value of the goods, with like damages. No such thing as a judgment of forfeiture or a judgment for a penalty is known to the practice in this state, and without further legislation neither can be entered on a verdict in replevin.

I think the court is amply justified, therefore, in holding that the action of replevin in Pennsylvania is not suited to carry the load that is now sought to be imposed upon it. The plaintiff who seeks to use it to vindicate the rights that are given him under section 4965 finds that he cannot even lawfully issue the writ, for he has neither right of property nor right of possession. If he proceeds, however, and directs the writ to issue notwithstanding the law and the practice, he cannot take possession of the goods, for the defendant may give bond (even since the act of 1901), and retain the property until final judgment, with the power of disposal during that period. Even if this further difficulty be surmounted by the defendant's failure to give the bond, the plaintiff is no better off, for he cannot obtain title to the goods, which have never yet belonged to him, nor the right to possess them, until he obtains a judgment of forfeiture; and no such judgment has ever been known in this form of action. His right to the penalty is so intimately involved with his right to forfeit that no penalty can be recovered if no forfeiture can be entered, to say nothing of the fact

that judgment for a penalty is as much unknown in the action as a judgment of forfeiture. I am neither competent nor inclined to reconstruct this well-known form of action by violating its long-established rules. If I may repeat the suggestion that was made in Rinehart v. Smith, Congress would do well, I think, to settle the perplexities that have beset this subject for many years, and to provide a uniform and appropriate remedy expressly adapted to the enforcement of the unusual rights that are given by the section now under consideration.

A new trial is refused, and judgment may be entered for the defendant upon the verdict.