HILLS & CO., Limited, v. HOOVER et al.

(Circuit Court, E. D. Pennsylvania. January 27, 1906.)

No. 55.

1. COPYRIGHT—INFRINGEMENT—PENALTIES—REPLEVIN.

Replevin cannot be availed of to seize lithographs alleged to infringe complainant's copyrights to which lithographs complainant had neither title nor right to possession which were desired only for the purposes of a suit in assumpsit to recover penalties under Rev. St. § 4965 [U. S. Comp. St. 1901, p. 3414], providing that in case of infringement of a copyright, etc., the defendant shall forfeit $1 for every sheet of the same found in his possession.

2. JUDGMENTS—RES JUDICATA—INTERLOCUTORY DECREE.

A decree awarding a perpetual injunction, and an accounting by the defendant in copyright infringement proceedings and referring the cause to a master to ascertain the amount complainant is entitled to recover is a mere interlocutory decree, and is therefore not res judicata as to any issues involved.

Sustaining Motion for a New Trial.

Benno Loewy and Hector T. Fenton, for plaintiff.
Wm. A. Carr and W. Horace Hepburn, for defendant.

HOLLAND, District Judge. This is a suit in assumpsit, instituted June 18, 1903, to recover penalties, half to the United States under section 4965 of Revised Statutes [U. S. Comp. St. 1901, p. 3414], which provides that in case of infringement of copyright for engravings, cuts or prints, the defendant shall "forfeit one dollar for every sheet of the same found in his possession * * * one-half thereof to the proprietor and the other half to the use of the United States."

Prior to issuing this writ in assumpsit, the plaintiff, on the sixth day of December, 1902, issued a writ of replevin, and the marshal of this district proceeded to the defendants' factory, at Thirteenth and Buttonwood streets, in the city of Philadelphia, and seized 4,763 copies of lithograph pictures, which were turned over to the plaintiff and are now in his possession. Nothing more was done in the replevin suit, but on the 19th of April, 1905, the suit in assumpsit was tried before a jury in this court. The marshal, being called as a witness, testified to the issuing of the writ of replevin, the seizure under the writ of the lithographs in defendants' possession, and their delivery to the plaintiff. The writ of replevin was then offered and admitted in evidence. The plaintiff also offered in evidence the record of a judgment in an equity proceeding in this court, April sessions, No. 12, between the same parties, in which a decree had been entered awarding

an injunction and accounting, which was referred to a master, and is still pending. It was established by the evidence of another witness that these pictures were the same as those in controversy in the equity suit. The defendants objected to the offer in evidence of the writ of replevin, and the evidence of the marshal as to what he did in pursuance thereof, and to the admission of the decree in the equity suit, all of which objections were overruled, and an exception granted to the defendants. The court, upon this evidence, directed a verdict for the plaintiff.

A motion and 11 reasons for a new trial were filed. Of the questions raised, only two need be considered: (1) Was the court in error in admitting in evidence under objection the writ of replevin, and the evidence of the marshal as to what he did in pursuance thereof? The question as to whether the writ of replevin in practice in Pennsylvania is appropriate in forfeiture proceedings under Revised Statutes of the United States, section 4965, has been before Judge McPherson, in this district, upon three different occasions, and in each it was held by him that it could not be so used. In the last case (Gustin v. Record Publishing Co. [C. C.] 127 Fed. 603), it was said:

"The plaintiff who seeks to use it (replevin) to vindicate the rights that are given him under section 4965 finds that he cannot even lawfully issue the writ, for he has neither right of property nor right of possession."

And after the issuance of the writ, should the plaintiff in the replevin proceed to judgment, it would be a "judgment * * * for the goods, with damages for taking and unjustly detaining them, or for the money value of the goods with like damages. No such thing as a judgment of forfeiture or a judgment for a penalty is known to the practice in this State, and without further legislation neither can be entered on a verdict in replevin." The plaintiff, however, in this case did not proceed to judgment in the replevin suit. There was nothing done after the seizure of the prints, and it might be questioned whether or not the mere issuing of the writ and seizure of the lithographs would be sufficient for the purpose of forfeiture, even if it could be successfully contended that a replevin is a proper proceeding in this state under this act of Revised Statutes; but it is not necessary to inquire into this question, as I entirely agree with the reasoning and conclusions of the learned judge in the above-mentioned case, that this writ is not appropriate for the purpose for which it is issued in this suit. This specific question was not reserved, and, in consequence, a judgment for defendants cannot be entered.

(2) The only other question to be considered is whether or not the decree awarding a preliminary injunction and accounting, which is still pending, was a final decree and conclusive of the infringement of the copyright for the purposes of this case. If it be not a final judgment, it is not conclusive as between these parties, and should not have been admitted in evidence. It has been held in numerous cases that a decree in equity proceedings awarding a perpetual injunction and an accounting by the defendant to the plaintiff for profits, and referring the case to a master to ascertain the amount thereof which the plaintiff is entitled to recover, which is still pending and undeter-

mined before the master, is an interlocutory and not a final decree, and therefore is not res adjudicata as to any issues involved, and was not admissible in evidence. Brush Electric Co. v. Western Electric Co., 76 Fed. 761, 22 C. C. A. 543; Ogden City v. Weaver, 108 Fed. 565, 47 C. C. A. 485; Australian Knitting Co. v. Gormly (C. C.) 138 Fed. 92; Keystone, etc., Co. v. Martin, 132 U. S. 91, 10 Sup. Ct. 32, 33 L. Ed. 275; McGourkey v. Toledo & Ohio Railway, 146 U. S. 536, 13 Sup. Ct. 170, 36 L. Ed. 1079.

As there was no evidence submitted upon which to sustain a verdict for the plaintiff, the motion for a new trial is sustained, and a new trial granted.