# WERCKMEISTER *v.* AMERICAN TOBACCO COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND
CIRCUIT.

No. 29.   Argued October 30, 1907.—Decided December 16, 1907.

Section 4965, Rev. Stat., as amended by the act of March 2, 1895, 28 Stat. 965, is penal in nature and cannot be extended by construction; it contemplates a single action for the recovery of plates and copies infringing a copyright, and for the money penalty for the copies found.   Such an action is wholly statutory and all the remedies given by the statutes must be exhausted therein, and after the owner of the copyright has recovered judgment for possession of the plates and copies he cannot maintain a separate action to recover the money penalty.

There is no requirement in § 4965, Rev. Stat., that the United States shall be a party to the action provided for the recovery of plates and copies found

and for penalties; the evident purpose of that section is that the proprietor of the copyright shall account to the United States for one-half the money penalty recovered.

148 Fed. Rep. 1022, affirmed.

THE facts, which involve the construction of § 4965, Rev. Stats., as amended by the act of March 2, 1895, 28 Stat. 965, and the nature of the action to recover penalties thereunder for violation of copyright, are stated in the opinion.

*Mr. Antonio Knauth* for plaintiff in error:

The words used in the statute admit of no other construction than that the two remedies, the recovery of the unlawful sheets and the recovery of the money penalty, are cumulative remedies to which the plaintiff is entitled, and it has been uniformly so held.

Previous to the decision in this case by the Circuit Court there was no decision by any court that the two remedies must be sought in one action. Whenever the money penalty is sought to be recovered for sheets which have been found in the defendant's possession, there must be a previous action for the recovery of the sheets and the finding of the sheets therein by means of proper process. *Thornton* v. *Schreiber*, 124 U. S. 612; *Falk* v. *Curtis Pub. Co.,* 107 Fed. Rep. 126, 128.

There are intrinsic differences in the actions for the forfeiture of the property and for the payment of the money penalty. The action for the recovery of the forfeited articles is an action *in rem*. The property in the articles remains in the owner until it is seized, and then by the seizure the title relates back to the time of the forfeiture. *Clark* v. *Protection Ins. Co.*, 1 Story, 134; *United States* v. *1,960 Bags of Coffee*, 8 Cranch, 398; *Gelston* v. *Hoyt*, 3 Wheat. 246, 311; *United States* v. *Baker*, 5 Ben. 28; *Fontaine* v. *Phœnix Ins. Co.*, 11 Johns. (N. Y.) 292; *Amory* v. *McGregor*, 15 Johns. 23; *Henderson's Distilled Spirits*, 14 Wall. 44, 56; *Thacher's Distilled Spirits*, 103 U. S. 679; *The Mary Celeste*, 2 Lowell, 356.

The action for the recovery of forfeited articles is always regarded as an action *in rem*. *United States* v. *Spring Valley Distillery*, 11 Blatch. 267. As the action for the recovery of the forfeited articles is an action *in rem*, the court has jurisdiction over the forfeited articles, whenever they are within the territorial jurisdiction of the court, and personal service of process upon the defendant in the action is not an essential prerequisite to the maintenance of the action. The court would have power to call in the defendant by publication or service of the summons outside of the State. Act of March 3, 1875, § 8 (18 Stat. at L. 470, 472), amending Rev. Stat., § 738; also 25 Stat. 434; *Jellenik* v. *Huron Copper Min. Co.*, 177 U. S. 1; *Mellen* v. *Moline*, 131 U. S. 352.

The defendant American Tobacco Company being a New Jersey corporation, this court had undoubtedly jurisdiction to proceed in the replevin action without personal service, but no jurisdiction to proceed to a decree in the personal action unless the defendant appeared or could be found in this jurisdiction. *Scott* v. *McNeal*, 154 U. S. 34, 46.

On the other hand, the action to be brought for the recovery of the money penalty is a personal action, and can be maintained only when the defendant is personally found within the jurisdiction of the court. The term "forfeit" as applied to a money penalty, means only that the offender shall be made to pay the amount. It means a fine, a mulct. *In re Levy*, 30 Ch. Div. 119; *Merchants' Bank* v. *Bliss*, 21 How. Pr. (N. Y.) 370; *Ex parte Alexander*, 39 Mo. App. 108; *People* v. *Nedrow*, 122 Illinois, 367; *Commonwealth* v. *Avery*, 14 Bush (Ky.), 638; *Taylor* v. *Steamer Marcella*, 1 Woods, 304.

The fiction that the title to forfeited property dates back to the time of the commission of the wrong is applied because convenience and justice require its application. *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194, 208.

It is quite different with the money penalty, which cannot be dated back any further than to the day of finding the sheets in defendant's possession, because that very finding

is a condition precedent to the accruing of the money penalty.

As to the sheets, the plaintiff has an inchoate title, which exists as soon as they are wrongfully made, and this inchoate title ripens into a complete title upon condemnation. As to the recovery of the money penalty he can have no such inchoate right; it is a mere claim for payment which arises only after the finding.

It follows from the different nature of the two remedies which are required to enforce the two distinct forfeitures under the statute, that there will be frequently cases where they cannot be combined.

If the property is found in one State, in the hands of an agent or employé, while the offender resides in another State, he could not be sued in the State of his residence, because the property could not be found therein. Neither could he be sued in the State where the property was found, because for the purposes of a personal action the court will have no jurisdiction over him. If the rule should be established that one suit only can be brought, the plaintiff would lose the money penalty in such a case, if the two remedies must be combined.

*Mr. William A. Jenner* for defendant in error:

A second and separate action will not lie for penalties after a judgment in a former distinct action for forfeiture of sheets.

There cannot be two actions, one for the forfeiture of sheets, the other for the money penalty.

There is only one offense committed by doing one or other or all the things mentioned in § 4965. *Bolles* v. *Outing Co.*, 77 Fed. Rep. 966; *S. C.*, 175 U. S. 266.

The solution of the matter seems to be to permit in one action a forfeiture of sheets found in possession when it is commenced and in the same action to adjudge the penalties for the sheets so found.

MR. JUSTICE-DAY delivered the opinion of the court.

This case was argued and submitted with *American Tobacco Company* v. *Werckmeister*, decided December 2, 1907, *ante,* p. 284.

The present action was brought to recover, under § 4965, Revised Statutes, relating to copyright (3 U. S. Compiled Stat. 3414), the penalties of $10 each, for 1,196 sheets of the alleged infringing publications claimed to have been found in the defendant's possession and seized by the United States marshals, under the two writs of replevin described in that suit.

Plaintiff in error, Werckmeister, offered in evidence the judgment roll in the former suit, with the pleadings and judgment, and also offered in evidence the writs and returns of the marshals for the Southern and Western Districts of New York, respectively, showing seizures of 203 copies and 993 copies; the court excluded these writs as immaterial. No other evidence being offered, the court instructed the jury to render a verdict for the defendant, and judgment was afterwards rendered accordingly upon the verdict. 138 Fed. Rep. 162. On writ of error to the Circuit Court of Appeals the judgment below was affirmed, 148 Fed. Rep. 1022, and this writ of error is prosecuted to reverse the judgment of the Circuit Court of Appeals.

This action requires the construction of § 4965, Rev. Stat., as amended March 2, 1895, 28 Stat. 965 (U. S. Compiled Stat., vol. 3, p. 3414), which is as follows:

"SEC. 4965. If any person, after the recording of the title of any map, chart, dramatic or musical composition, print, cut, engraving, or photograph, or chromo, or of the description of any painting, drawing, statue, statuary, or model or design intended to be perfected and executed as a work of the fine arts, as provided by this act, shall, within the term limited, contrary to the provisions of this act, and without the consent of the proprietor of the copyright first obtained in writing, signed in presence of two or more witnesses, engrave, etch,

work, copy, print, publish, dramatize, translate, or import, either in whole or in part, or by varying the main design, with intent to evade the law, or, knowing the same to be so printed, published, dramatized, translated, or imported, shall sell or expose to sale any copy of such map, or other article, as aforesaid, he shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported, or exposed for sale; and in case of a painting, statue or statuary, he shall forfeit ten dollars for every copy of the same in his possession, or by him sold or exposed for sale: Provided, however, That in case of any such infringement of the copyright of a photograph made from any object not a work of fine arts, the sum to be recovered in any action brought under the provisions of this section shall be not less than one hundred dollars, nor more than five thousand dollars, And: Provided further, That in case of any such infringement of the copyright of a painting, drawing, statue, engraving, etching, print or model or design for a work of the fine arts or of a photograph of a work of the fine arts, the sum to be recovered in any action brought through the provisions of this section shall be not less than two hundred and fifty dollars, and not more than ten thousand dollars. One-half of all the foregoing penalties shall go to the proprietors of the copyright and the other half to the use of the United States."

As with the sections of the copyright act under consideration in *Tobacco Company* v. *Werckmeister, ante,* this section has been the subject of consideration in the Federal courts, with different conclusions as to its purport and meaning. While the statute provides for the forfeiture of the plates and sheets and for the sum of $10 in case of a painting, for every copy found in the offending person's possession or sold by him, it is silent as to the kind of action to be brought, and we are left to discover the meaning of the act in this respect from a consideration of the

language used, read in the light of the objects and purposes to be effected.

Obviously the statute does not provide a proceeding *in rem*, as is sometimes done in the revenue laws, for the act is levelled against *any person* who shall, contrary to its provisions, without consent, etc., engrave, work, copy, print, etc., forfeit to the proprietor the plates and sheets and a sum of money for each sheet, etc., found in his possession. This section of the statute is penal, and there should be especial care to work no extension of its provisions by construction. Statutory provisions similar to those above cited have been the subject of consideration in a number of cases in this court. In *Backus* v. *Gould*, 7 How. 798, it was held that there could be no recovery for publishing sheets, copyright matter, etc., unless the same were found in the possession of the defendant. In *Stevens* v. *Cady*, 2 Curtis, 200; *S. C.*, Fed. Cases No. 13,395, Mr. Justice Curtis, sitting at the circuit, held there could be no accounting for the penalties in an action in equity, and that the proprietor of the copyright was left by the act to his remedy at law by trover or replevin. In *Thornton* v. *Schreiber*, 124 U. S. 612, it was held that action would not lie against Thornton, who was the business manager of Sharpless & Son, of Philadelphia, in whose store the prints in question in that case were found, and in speaking for the court Mr. Justice Miller, who delivered the opinion in that case, said (p. 620):

"Counsel for defendants in error, Schreiber & Sons, insist that the words 'found in his possession' are to be construed as referring to the finding of the jury; that the expression means simply that where the sheets are ascertained by the finding of the jury to have been at any time in the possession of the person who committed the wrongful act, such person shall forfeit one dollar for each sheet so ascertained to have been in his possession. We, however, think that the word 'found' means that there must be a time before the cause of action accrues at which they are found in the possession of the defendant."

This language was held in *Falk* v. *Curtis Pub. Co.*, 102 Fed.

Rep. 967, 971, affirmed by the Circuit Court of Appeals for
the Third Circuit in *Falk* v. *Curtis Pub. Co.*, 107 Fed. Rep. 126,
to mean that before the action for the penalty would lie there
must be a finding of the articles in the possession of the defend-
ant by means of a proceeding instituted for the express purpose
of condemnation and forfeiture, and that an action of assumpsit
brought at the same time with the action of replevin was pre-
mature.

In the case of *Bolles* v. *The Outing Co.*, 77 Fed. Rep. 966,
Judge Wallace, who spoke for the Court of Appeals in that case,
said (p. 968):

"The statute is apparently framed to give the party whose
copyright has been invaded complete relief by an action in
which he can procure a condemnation of the infringing sheets,
and at the same time recover, by way of compensation, a
penalty for every sheet which he is entitled to condemn. The
words 'found in his possession' aptly refer to a finding for the
purposes of forfeiture and condemnation. The remedy by
condemnation and forfeiture is only appropriate in a case where
the property can be seized upon process; and where, as here,
the forfeiture declared is against property of the 'offender,' it
is only appropriate when it can be seized in his hands. The
section contemplates two remedies, enforceable in a single suit,
each of which depends upon the same state of facts. The ag-
grieved party may, at his election, pursue either one or both
remedies. But it does not contemplate a recovery of penalties,
except in respect to the sheets which can be condemned."

And in *Bolles* v. *The Outing Co.*, 175 U. S. 262, 266, this court,
speaking by Mr. Justice Brown, observed:

"No remedy is provided by the act, although by section 4970
a bill in equity will lie for an injunction, but the provision for a
forfeiture of the plates and of the copies seems to contemplate
an action in the nature of replevin for their seizure, and in addi-
tion to the confiscation of the copies, for a recovery of one dollar
for every copy so seized or found in the possession of the de-
fendant."

And in that case the view expressed by the Circuit Court of Appeals for the Second Circuit was approved (175 U. S. 268), and while the point was not necessarily involved, we think the indication in *Bolles* v. *The Outing Company*, that a single action in the nature of replevin for the recovery of plates and copies and a penalty for copies found, is correct.

We agree with the Circuit Court of Appeals for the Second Circuit .that the language in *Thornton* v. *Schreiber*, above quoted, was not intended to indicate that an action declaring the forfeiture was required by the statute before the adjudication of the articles to the plaintiff, as is generally necessary in actions of forfeiture (Cooley's Constitutional Limitations, 518), but that the true construction of the statute, and the one intended to be indicated by Mr. Justice Miller, is that before the penalty can be recovered it is necessary that the sheets be actually found in the possession of the defendant. As we have said, this section of the statute is highly penal (*Bolles* v. *The Outing Co.*, *supra*), and there is nothing in its terms to indicate that the offender is to be subjected to more than one action; on the contrary, the provisions of the section seem to point clearly to the conclusion that when the offender is brought into court, under this section, he shall forfeit to the proprietor the plates on which the articles shall be copied and every sheet thereof, whether copied or printed, "and shall further forfeit one dollar for every sheet of the same found in his possession," etc., and in case of a painting, etc., "he shall forfeit ten dollars for every copy of the same in his possession, or by him sold or exposed for sale."

There is nothing in this section which seems to contemplate the method of procedure pursued in this case, namely, a separate action for the money penalty, upon the theory that it arose only in case of actual finding and judgment of condemnation, but the statute contemplates the bringing-of the offender into court in one suit, in which the plates and sheets shall be seized and forfeited and the penalty recovered.

If it had been the intention of Congress to provide two ac-

tions, one for the forfeiture of the plates, sheets, etc., and another for the recovery of the money penalty, it would have been easy to have said so. Likewise, had it been the intention of Congress to permit a recovery for the money penalty only after judgment of forfeiture had gone in favor of the plaintiff, it would have been equally as easy to have made such provision.

Until Congress shall provide otherwise, and this section might well be made more specific as to the nature and character of the remedy given, we think this section intended to provide, in a single action, all the remedy which is within its scope, and that to construe it as requiring two actions would be extending a penal act beyond the provisions incorporated in its terms.

In reaching this conclusion we have not overlooked the fact that one-half of the penalties go to the proprietors of the copyright and one-half to the United States. There is no requirement that the United States shall be a party to the action, and we think the purpose of the statute was to make the proprietor of the copyright accountable to the United States for one-half of the money penalty recovered.

Upon this construction of the statute the plaintiff in error had exhausted his remedy in the judgment rendered in the first suit, and as the action is wholly statutory and no second action is given as we construe the act, the court was without power to award the second judgment in the separate action for the money penalty, and the Circuit Court properly directed the verdict for the defendant below.

The judgment of the United States Circuit Court of Appeals for the Second Circuit is

*Affirmed.*