# HILLS & COMPANY, LIMITED, *v.* HOOVER.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No: 101. Argued March 15, 16, 1911.—Decided April 3, 1911.

The copyright statutes of the United States afford all the relief to which a party is entitled, and no action outside of those provided therein will lie. *Globe Newspaper Co.* v. *Walker,* 210 U. S. 356.

Section 914, Rev. Stat., was not intended to require the adoption of the state practice where it would be inconsistent with the terms or defeat the purposes of the legislation of Congress, and state statutes which defeat or encumber the administration of the law under Federal statutes are not required to be followed in the Federal courts. *Mexican Central R. R. Co.* v. *Pinkney,* 149 U. S. 207.

Questions of the character propounded in this case must be answered in reference to the actual case. *Columbus Watch Co.* v. *Robbins,* 148 U. S. 266.

In a Circuit Court of the United States within the State of Pennsylvania the owner of a copyright for an engraving is restricted to a single action to find and seize the copies alleged to infringe and likewise to recover the money penalty therefor.

In a Circuit Court of the United States within the State of Pennsylvania the institution by the owner of a copyright for engravings of an action for replevin for recovery of the copies alleged to infringe, not prosecuted to judgment, precludes such copyright owner from subsequently bringing and maintaining an action of assumpsit to recover the pecuniary penalty for the copies found and seized under the writ of replevin, and which were delivered to plaintiff.

THE facts, which involve the construction of the Federal copyright statutes, are stated in the opinion.

*Mr. Benno Loewy* and *Mr. Hector T. Fenton,* for plaintiff in error.

*Mr. William A. Carr* for defendants in error.

MR. JUSTICE DAY delivered the opinion of the court.

This case comes here upon certificate from the Circuit

Court of Appeals for the Third Circuit. Hills & Company, Limited, a corporation of Great Britain, brought an action of assumpsit for its own use and that of the United States against Joseph and Henry L. Hoover, citizens of Pennsylvania, partners as Joseph Hoover & Son, to recover under § 4965, ch. 3, p. 959 of the Revised Statutes of the United States for a forfeiture of money to the amount of $4,763 alleged to be due the plaintiff as the owner of the copyright of certain engravings, 4,763 of which were found in the defendant's possession, which, at the statutory sum of one dollar each, make up the amount sued for.

In the Circuit Court a verdict for that amount was rendered for the plaintiff, subject to the reserved question whether there was any evidence to go to the jury in support of the plaintiff's claim. Upon this question the Circuit Court subsequently entered judgment in favor of the defendant, and the plaintiff took the case to the Circuit Court of Appeals.

The certificate states the following facts:

"The plaintiff owned copyrights of certain engravings which the defendants wrongfully reproduced, sold some of the reproduced copies and on December 10, 1902, still had a number thereof remaining in their possession when the plaintiff's agent went to the defendants' printing establishment with a deputy marshal who was serving a writ of replevin the plaintiff had had issued in the Circuit Court against the defendants for infringing copies. The agent there found in the possession of the defendants forty-seven hundred and sixty-three infringing copies. These the deputy marshal then and there took and delivered to the plaintiff's agent who still retains them. Subsequently, on June 18, 1903, the plaintiff brought the present action of assumpsit against the defendant infringers to recover the one dollar forfeit to the plaintiff for each of the forty-seven hundred and sixty-three in-

fringing sheets of the copyrighted engravings which on December 10, 1902, its agent had found in and taken from the defendants' possession. To this action the defendants appeared and pleaded *non assumpsit* and in it a verdict was had for the plaintiff as above noted. The action of replevin was no further proceeded in."

The questions propounded by the Circuit Court of Appeals under the act of March 3, 1891, are as follows:

"1. In a Circuit Court of the United States within the State of Pennsylvania is the owner of a copyright for engravings restricted to a single action to find and seize the copies alleged to infringe and likewise to recover the money penalty therefor?

"2. In a Circuit Court of the United States within the State of Pennsylvania does the institution by the owner of a copyright for engravings of an action of replevin for recovery of the copies alleged to infringe, not prosecuted to judgment, preclude such copyright owner from subsequently bringing and maintaining an action of assumpsit to recover the pecuniary penalty for the copies found and seized under the writ of replevin?"

As a question of this character must be answered in reference to the actual case (*Columbus Watch Co.* v. *Robbins,* 148 U. S. 266), the second question must be answered in view of the facts stated, having in mind that the copies had been seized in the replevin suit and delivered to the plaintiff's agent.

An answer to these questions requires the construction of § 4965 of the Revised Statutes of the United States. That section declares that any person offending against its provisions "shall forfeit to the proprietor all the plates on which the same shall be copied and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported or exposed for sale, . . . one-half thereof to the

proprietor and the other half to the use of the United States."

This section has been, in varying forms, a part of the copyright law of the United States for many years prior to the enactment, since this suit, of the present law of July, 1909, which has superseded former statutes upon the subject of copyright. It has been the subject of frequent and not always harmonious construction in the Federal courts. See *Bolles* v. *Outing Company*, 175 U. S. 262, 267.

It was before this court in the case of *Thornton* v. *Schreiber*, 124 U. S. 612. In that case an action was brought by Schreiber against Thornton to recover the penalties for the unlawful reproduction of a certain copyrighted photograph. The infringing copies were found in the store of Sharpless & Sons in Philadelphia, where they were being used as labels on parcels of goods. Thornton was a manager in the employ of Sharpless & Sons, and had ordered 1,500 of the photographs, which were delivered to the firm, who paid for them. It was held that Thornton was not liable as he had not the possession of the infringing prints within the meaning of the act, and that the proper parties defendant, against whom an action of replevin might have been sustained, was the firm of Sharpless & Sons, and not their agent. All that was necessary for the decision of the case was the holding that the prints were not found in the possession of Thornton within the meaning of the act. In the course of the opinion Mr. Justice Miller said:

"Counsel for defendants in error, Schreiber & Sons, insist that the words 'found in his possession' are to be construed as referring to the finding of the jury; that the expression means simply that where the sheets are ascertained by the finding of the jury to have been at any time in the possession of the person who committed the wrongful act, such person shall forfeit one dollar for each sheet so ascertained to have been in his possession. We, how-

ever, think that the word 'found' means that there must be a time before the cause of action accrues at which they are found in the possession of the defendant."

The question whether more than one suit could be maintained under § 4965, or whether it was necessary to find the infringing sheets by means of some action or process before beginning an action for the penalty, was not before the court in that case and was in no way decided. The expression of Mr. Justice Miller, that the word "found" meant that there must be a time before the cause of action accrues at which the infringing matter is found in the possession of the defendant, has been differently interpreted in the courts of the United States.

In *Falk* v. *Curtis Publishing Company,* 107 Fed. Rep. 126, *Thornton* v. *Schreiber* was interpreted to mean that before the action for the penalty would lie there must be a finding of articles in the possession of the defendant by means of a proceeding instituted for the express purpose of seizure, and that consequently an action of assumpsit, brought prior to the seizure, as an independent proceeding was premature and could not be maintained.

In *Bolles* v. *The Outing Company,* 77 Fed. Rep. 966, the case of *Thornton* v. *Schreiber* was held to mean only that the infringing articles must be found in the possession of the defendant before the penalty could be imposed, and that the section contemplated a single suit to enforce both remedies—the money recovery and the forfeiture of the offending sheets, etc. That case was a suit by Bolles against The Outing Company, seeking to recover not only the penalty for one copy of Outing which was found in the defendant's possession, but also for all the copies which had been within the defendant's possession within any time two years previous to the commencement of the suit. The Circuit Court limited the recovery to one dollar as penalty for the copy purchased by an agent of the plaintiff from the company, and the court

refused to permit recovery for the copies printed and delivered to The Outing Company within two years of the commencement of the suit, but not found in the defendant's possession. The case came here, and the judgment of the Circuit Court of Appeals was affirmed. *Bolles* v. *Outing Co.*, 175 U. S. 262, *supra*. In that case this court approved the judgment of the Circuit Court of Appeals of the Second Circuit, and quoted with approval the following language from that court: "The remedy by forfeiture and condemnation is only appropriate in a case where the property can be seized upon process, and where, as here, the forfeiture declared is against property of the 'offender' is only appropriate when it can be seized in his hands." In the same case Mr. Justice Brown, speaking for this court, said:

"No remedy is provided by the act, although by § 4970 a bill in equity will lie for an injunction, but the provision for the forfeiture of the plates and of the copies seems to contemplate an action in the nature of replevin for their seizure, and, in addition to the confiscation of the copies, for a recovery of one dollar for every copy so seized or found in the possession of the defendant."

With a difference of opinion, as we have stated, in two Circuit Courts of Appeal as to the proper construction of the act there came before this court two cases, *American Tobacco Company* v. *Werckmeister*, 207 U. S. 284, and *Werckmeister* v. *American Tobacco Company*, 207 U. S. 375. In the first of the cases Werckmeister, the owner of a copyrighted painting, recovered in an action in the nature of replevin 1,196 sheets containing a copy of the copyrighted picture belonging to him. In the second case the action was brought to recover $10 each as penalty for the sheets seized in the former suit. In that case the question was distinctly made whether, under § 4965 of the Revised Statutes, two actions could be brought, one for the seizure of the sheets forfeited under the act

and another for the penalty of one dollar for every sheet found in the defendant's possession. Upon consideration this court held that the statute contemplated but a single action, in which the offender should be brought into court, the plates and sheets seized and adjudicated to the owner of the copyright, and the penalty, provided for by the statute, recovered. It was held that only a single action was within the scope of the statute, and that to construe it so as to require two actions would be to extend it beyond its terms.

The second Werckmeister case was decided while the case now before us was pending in the Circuit Court of Appeals, and shortly before argument in that court. The Circuit Court of Appeals thereupon certified to this court the two questions, as hereinbefore stated. In the *Werckmeister Case* the matter was fully considered, and we find no occasion to depart from the construction which was given the statute in that case.

It is to be noted that both questions propounded by the Circuit Court of Appeals relate to actions in the Circuit Courts of the United States within the State of Pennsylvania, and it is insisted by the counsel for Hills & Company that in the State of Pennsylvania there is no form of action in which the double remedy can be enforced, and that the effect of the decision in the *Werckmeister Case* should be limited to those States wherein the practice permits the remedies given to the copyright proprietor to be enforced in one action. This argument proceeds upon the theory that the state practice can alone be resorted to for remedies in the Federal courts under the copyright law of the United States.

Section 914, Revised Statutes, provides: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes

of proceeding existing at the time in like causes in the
courts of record of the State within which such Circuit
or District Courts are held, any rule of court to the con-
trary notwithstanding."

This section is intended to secure on the law side of the
Federal courts the practice which prevails in like causes
in courts of the States. Its requirement is that such pro-
ceeding shall conform "as near as may be" to that pre-
vailing in the state courts "in like cases." This section
was not intended to require the adoption of the state
practice where it would be inconsistent with the terms
or defeat the purposes of the legislation of Congress.
*Luxton* v. *North River Bridge Co.*, 147 U. S. 337, 338;
*Chappell* v. *United States*, 160 U. S. 499, 512.

In fact, the language of the statute is itself an indication
that the state practice cannot be at all times and under
all circumstances complied with. It is enough if the Fed-
eral courts in adjudicating the rights of parties comply
with the state practice "as near as may be." State stat-
utes which defeat or encumber the administration of the
law under Federal statutes are not required to be followed
in the Federal courts. *Mexican Cen. R. R. Co.* v. *Pink-
ney*, 149 U. S. 207.

It follows that where the state statute, or practice,
is not adequate to afford the relief which Congress has
provided in a given statute, resort must be had to the
power of the Federal court to adapt its practice and issue
its writs and administer its remedies so as to enforce the
Federal law.

We think this power is not wanting in the present case.
Section 716, Rev. Stat., confers broad powers upon the
courts of the United States. That section provides:

"The Supreme Court and the Circuit and District
Courts shall have power to issue writs of *scire facias.*
They shall also have power to issue all writs not specif-
ically provided for by statute, which may be necessary

for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

At an early day it was held that under this section the courts of the United States are not restricted to the kind of processes used in the state courts, or bound to conform themselves thereto in all respects, but have the authority to alter the process in such manner as may be deemed expedient, and to so adapt it that its effect and operation may be effectual. *U. S. Bank* v. *Halstead,* 10 Wheat. 51.

There is no difficulty in issuing a writ in the nature of a writ of replevin in an action such as is authorized by § 4965, requiring the marshal to seize the alleged forfeited plates and copies, and asking in the same suit to recover the penalty for those found in the defendant's possession. The alleged infringing matter will be brought into court to abide its order and judgment, and at the same time, in the same action, a recovery may be had for the penalty awarded.

This was the view of the statute suggested in *Bolles* v. *Outing Co., supra.* It was also asserted in *American Tobacco Co.* v. *Werckmeister, supra,* affirmed in this court in *Werckmeister* v. *American Tobacco Company,* 207 U. S. 375, *supra.*

It is true that in the first Werckmeister case the plaintiff recovered a judgment for the forfeiture of the infringing sheets, but the question made and decided in the second case involved the construction of the statute upon the question whether one or two actions was authorized; and it was held that the statute provided for one action in which all the relief authorized by the statute could be obtained.

The copyright statutes of the United States afford all the relief to which a party is entitled, and no action outside of those provided therein will lie. *Globe Newspaper Co.* v. *Walker,* 210 U. S. 356. It therefore follows that Hills & Company having brought an action for the re-

covery of the infringing matter, and having conducted it so far as to have the goods seized and turned over to them, can have no other remedy under the statute which provides for all relief in a single action.

It is stated in the certificate that the replevin suit originally begun is still pending. Such being the fact we do not wish to intimate, by anything herein decided, that the authority to amend pleadings and process in the Federal courts may not justify an amendment in that case so as to embrace the entire relief which could have been obtained in a single action under § 4965 of the Revised Statutes of the United States, as we have stated. That question will arise if an application shall be made to the Circuit Court of the United States in that view.

Holding that the remedy under the copyright statute embraces but one action, as was held in the *Werckmeister Case*, and that the local statutes of the State as to replevin, or other remedies, will not prevent the Federal court from framing its process and writs, so as to give full relief in one action, we answer both of the questions certified in the affirmative.

*It is so ordered.*