HILLS & CO., Limited, v. HOOVER et al.

(Circuit Court of Appeals, Third Circuit. March 4, 1914.)

No. 1713.

LIMITATION OF ACTIONS (§ 127*)—AMENDMENT—NEW CAUSE OF ACTION.

Plaintiff sued defendant in replevin to recover 20,000 copies of engravings alleged to offend plaintiff's copyright, and under the writ the marshal seized 4,673 copies and the stones from which the engravings were made. Pending this suit and before trial, the Supreme Court having held that Rev. St. § 4965 (U. S. Comp. St. 1901, p. 3414), contemplated two remedies, one to recover the infringing copies and the other a penalty of a dollar per copy seized, and that both remedies were enforceable in the same suit, plaintiff amended its declaration by setting up an additional claim to recover the penalty. *Held,* that such amendment pleaded a new and different cause of action from that alleged in the original declaration, and, not having been added within two years after the cause of action accrued, was barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; James B. Holland, Judge.

Action by Hills & Company, Limited, against Joseph Hoover and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Hector T. Fenton, of Philadelphia, Pa., for Hills & Co.

Wm. A. Carr and W. Horace Hepburn, both of Philadelphia, Pa., for Hoover and others.

Before GRAY and BUFFINGTON, Circuit Judges, and ORR, District Judge.

BUFFINGTON, Circuit Judge. The present is one of a number of cases growing out of the alleged violation by Joseph Hoover et al., the defendants, of the copyright of Hills & Co., Limited, the plaintiff, to certain engravings. The original case in this circuit—for one phase of the controversy was involved in Hills v. Austrich (C. C.) 120 Fed. 862 (1903), a case in the Second circuit—was an action of replevin brought by the plaintiff against the defendant in the Circuit Court to recover 20,000 copies of the offending copyright engravings. The marshal found and seized 4,673 copies in defendants' possession and delivered them to the plaintiff and made return of his writ on January 2, 1903. No further steps were taken in said case until June 19, 1912. The pleadings were the usual ones under the Pennsylvania action of replevin, averred title to the engravings in the plaintiff, and invoked the aid of the court to recover them. Subsequently the plaintiff brought a bill in equity in the Circuit Court to enjoin the sale of unseized copies. This bill resulted in a decree for an injunction and an accounting and a final decree on such accounting for the profits of the defendants on the unseized copies. That proceeding—the record of which is in evidence in the present case—is described at length in Hills v. Hoover (C. C.) 142 Fed. 904. The opinion at 142 Fed. 904, and the one at 220

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

211 F.—16

U. S. 329, 31 Sup. Ct. 402, 55 L. Ed. 485, Ann. Cas. 1912C, 562, were delivered in an action of assumpsit which the present plaintiffs in 1903 brought against the present defendants to recover the statutory penalty on the 4,763 sheets seized on the replevin by virtue of section 4965 (U. S. Comp. St. 1901, p. 3414), which provides that defendant shall "forfeit one dollar for every sheet of the same found in his possession." The Circuit Court having eventually held that the plaintiff could not, in accordance with the case of Falk v. Curtis Publishing Co., 107 Fed. 126, 46 C. C. A. 201, maintain such action of assumpsit, it having been brought at the same time the action of replevin was, its decision was brought to this court for review. Pending its disposition, the case of Werckmeister v. American Company, 207 U. S. 382, 28 Sup. Ct. 124, 52 L. Ed. 254, holding a party aggrieved by a violation of his copyright, was confined to a single action in the nature of replevin in which he could recover both the forfeited sheets and the forfeited penalty, was decided by the Supreme Court. Thereupon, in view of the well-understood limitations of the Pennsylvania action of replevin, this court certified the questions to the Supreme Court in reference to that action, which are recited in Hills v. Hoover, 220 U. S. 329, 31 Sup. Ct. 402, 55 L. Ed. 485, Ann. Cas. 1912C, 562. In that decision, as we interpret it, it is held that the federal court may devise a writ in the nature of replevin, by virtue of which the marshal can seize the offending prints and in which a recovery of the penalty can be effected. In that regard the court said:

"There is no difficulty in issuing a writ in the nature of a writ of replevin in an action such as is authorized by section 4965, requiring the marshal to seize the alleged forfeited plates and copies, and asking in the same suit to recover the penalties for those found in the defendant's possession. The alleged infringing matter will be brought into court to abide its order and judgment, and at the same time, in the same action, a recovery may be had for the penalty awarded."

The court further stated:

"Holding that the remedy under the copyright statute embraces but one action, as was held in the Werckmeister Case, and that the local statutes of the state as to replevin, or other remedies, will not prevent the federal court from framing its process and writs, so as to give full relief in one action, we answer both of the questions certified in the affirmative."

Subsequent thereto, on June 12, 1912, the plaintiff moved the court, in the original replevin case of 1902, to amend its statement of claim by adding thereto the statutory cause of action arising under the provision that the defendant "shall further forfeit one dollar for every sheet of the same found in his possession," viz., a "statutory pecuniary penalty of one dollar per copy for each of said 4,763 piratical copies, in the aggregate, so found in the possession of said defendants and seized as aforesaid." To such amendment the defendant objected on the ground that this claim was barred by R. S. § 4968 (U. S. Comp. St. 1901, p. 3416), which provides that:

"No action shall be maintained in any case of forfeiture or penalty under the copyright laws, unless the same is commenced within two years after the cause of action has arisen."

This objection the court, without deciding, overruled, and allowed the amendment, but "without prejudice to the right of the defendants to interpose at the trial any defense which they might have made upon this motion." On the trial, the defendant having raised the question of the right of the plaintiff to amend in view of the statute of limitations, the court instructed the jury to find for the plaintiff, reserving "the right, in addition to other questions, that may arise, to pass upon the right of the plaintiff at this time, to amend its action of replevin, by inserting his claim for the money penalty for the infringement." In pursuance of this reservation the court subsequently entered judgment for the defendant. Whereupon the plaintiff sued out this writ. The question involved is whether the proposed amendment introduced into the action of replevin a cause of action which was barred by the statute of limitations. The power to amend is limited to the extent that no new cause of action can be engrafted on the original declaration, or, as stated by Justice Sharswood in Wilhelm's Appeal, 79 Pa. 120:

"The true criterion is, as all the authorities show: Did the plaintiff so state his cause of action originally as to show that he had a legal right to recover what he subsequently claims?"

Turning, then, to the original statement or declaration in the replevin, we find plaintiff claimed to recover in the action 20,000 copies of a series of four copyrighted prints, and "also the cuts, plates and stones by means of which or from which the same are engraved, lithographed or printed, of the additional value of two hundred and fifty ($250) dollars, of which aforesaid infringing copies the United States marshal in and for the said Eastern district of Pennsylvania, seized and delivered to the plaintiff 4763, the said stones, numbering 16 in all, have been destroyed by the defendants after seizure by and while in possession of the said marshal." The claim was made under that clause of R. S. § 4965, which provides, "He shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof either copied or printed," and averred a distinct legal claim of forfeiture of the stones and the copies. It will be thus apparent that the right of action laid in such declaration was the same as in the replevin in Bolles v. Outing Co., 77 Fed. 966, 23 C. C. A. 594, 46 L. R. A. 712, of which action the Supreme Court, in Werckmeister v. American Co., 207 U. S. 384, 28 Sup. Ct. 127, 52 L. Ed. 254, said:

"The plaintiff in error had exhausted his remedy in the judgment rendered in the first suit."

It will therefore appear that the cause of action as laid in the declaration embodied a distinct cause of action, to wit, the forfeiture of certain stones and sheets. This cause of action the plaintiff could elect, declare upon, and enforce, without coupling thereto any additional relief provided by the statute. This view is, we think, necessitated by Werckmeister v. American Co., supra, where the Supreme Court, after stating that "this action requires the construction of section 4965," quote, without adverse comment, the opinion in Bolles v. Outing Company, supra:

"The section contemplates two remedies, enforceable in a single suit, each ·of which depends upon the same state of facts. The aggrieved party may, at his election, pursue either or both remedies."

Now there is no doubt that the plaintiff in his replevin actually meant to pursue but one of his remedies, viz., the forfeiture of the· stones and sheets, and that he elected and declared on that alone and in point of fact declared on no other until some years later. That action was not the action which the court in Hills v. Hoover, supra, sug- .gest as possible in future copyright actions, viz.:

"There is no difficulty in issuing a writ of replevin in an action such as is .authorized by section 4965. * * * The alleged infringing matter will be ·brought into court to abide its order," etc.

Indeed, the court called attention to the present action of replevin as not the form of action the court suggested, saying:

"It is stated in the certificate that the replevin suit originally begun is still pending. Such being the fact, we do not wish to intimate, by anything herein ·decided, that the authority to amend pleadings and process in the federal ·courts may not justify an amendment in that case so as to embrace the en- tire relief which could have been obtained in a single action under section 4965 of the Revised Statutes of the United States, as we have stated. That question will arise if an application shall be made to the Circuit Court of the United States in that view."

It follows, therefore, the plaintiff having two separate causes of ac- tion under the statute and having in his action of replevin declared on one, the statute of limitations was not tolled against the second cause ·of action by the pendency of a suit on the first. And inasmuch as in the declaration in the replevin suit, the plaintiff, to use the words of Wilhelm's Appeal, supra, "did not so state his cause of action" for the stones and the sheets originally as to show that he had a legal right to recover the money forfeiture he now claims, for surely he had no le- gal right in such action to recover that for which he did not sue or de- clare, we are of opinion the court below was justified in holding that the second claim which was interjected into the original cause several years after the case brought was barred by the statute. For us to say ·otherwise would be to arbitrarily overrule the rational principles on which the salutary practice of amendment is based and would be at variance with that wholesome principle "interest rei publicæ ut sit finis litium."

The judgment below is affirmed.