### SCOTTISH UNION & NATIONAL INS. CO. v. AYLOR.

### No. 9034.

District Court, W. D. Missouri, W. D.
Dec. 27, 1935.

William S. Hogsett and Ralph Murray (of Hogsett, Smith, Murray & Trippe), both of Kansas City, Mo., for plaintiff.

John G. Madden (of Madden, Freeman & Madden), of Kansas City, Mo., and Allen McReynolds, of Carthage, Mo., for defendant.

OTIS, District Judge.

The defendant Aylor has moved for a new trial. (There are two motions, one relating to the principal case; the other relating to trial of issues in attachment.) The motions have been argued and the case was tried with rare ability. I have concluded that the motions should be overruled. While it is not my practice to write opinions in connection with motions for new trials (the time at my disposal does not make possible such a practice), the case presents one somewhat novel question concerning which I do desire briefly to set out my views. In limiting the opinion to a discussion of this question, it is not my intention to suggest that there are not several debatable issues of law presented by the motions or even that this question is the most serious in the case. It is the only question which is of significance outside of and beyond the case itself.

There was no personal service of process on the defendant. He was brought into court by attachment of his property. Defendant, preserving his objections to the jurisdiction of the court, answered the petition by a general denial of its allegations. Separately defendant pleaded in abatement of the attachment.

Sections 1314 and 1315 of the Revised Statutes of Missouri 1929 (Mo.St.Ann. §§ 1314, 1315, pp. 1518, 1519), provide as follows:

"§ 1314. In all cases where property, effects or credits shall be attached, the defendant may file a plea, in the nature of a plea in abatement, verified by affidavit, putting in issue the truth of the facts alleged in the affidavit on which the attachment was sued out.

"§ 1315. Upon such issue the plaintiff shall be held to prove the existence of the facts alleged by him as the ground of the attachment, and if the issue be found for him, and the court denies defendant a new trial of said issue, judgment shall be rendered against defendant, sustaining the attachment, and for the

costs of the attachment proceedings, and the defendant may file his bill of exceptions as upon any other matter in the proceedings, and answering to the merits shall not be a waiver of such exceptions, and the cause shall proceed to trial upon the merits; and if upon the trial of such issue the finding be for the defendant, and the court denies plaintiff a new trial of such issue, the court shall thereupon render judgment that the attachment be abated at the costs of the plaintiff and his sureties, and thereupon the plaintiff may file his bill of exceptions as upon any other matter in the proceedings, and the cause shall proceed to trial upon the merits, and the filing of his bill of exceptions by plaintiff shall preserve the attachment in full force. Upon the trial of the case upon the merits, either party may appeal—the plaintiff from the finding on the plea in abatement, or on the merits, as he may elect, or both; the defendant, if at all, on the whole case—either party giving such bond for that purpose as the court may require; and any such appeal shall operate as a supersedeas of the judgment or judgments appealed from, and, if by the plaintiff, shall preserve the attachment in full force until the final determination of such appeal in the appellate court, or of the case upon a retrial in the trial court. If the plaintiff, in case the judgment or findings be against him, fails to appeal therefrom, or if such appeal be dismissed, or if upon an appeal such judgments or findings be affirmed, he and his sureties shall be liable on their bond for all damages and costs occasioned by the attachment or any subsequent proceedings connected therewith: Provided, that such appeals shall be taken and perfected as in ordinary civil actions."

Very clearly section 1315 contemplates and provides that in cases where service is by attachment, and the defendant pleads in abatement and also to the merits, there shall be two trials; one of the issues made by the affidavit of attachment and the plea thereto, and the other (if the attachment is sustained) of the issues on the merits. Such is the practice prescribed by the statute, and such in fact is the Missouri practice.

Notwithstanding the local practice in this regard, an order consolidating for trial the two sets of issues was made. The order was accompanied by a short oral opinion (I suppose a transcript of it is in the record) supporting the order. Learned counsel for defendant earnestly contended then, as they contend now, that the court had no power to make the order of consolidation.

On the merits a verdict was directed for plaintiff. The issues made by the affidavit in attachment and the plea in abatement were submitted to the jury, which found on those issues for the plaintiff, and the attachment was sustained.

I can conceive no good reason (unless that presently considered be such) why the order of consolidation should not have been made. In connection with each set of issues the parties were the same, the attorneys were the same, the evidence (almost wholly) was the same. In such a situation to have two trials, where one was sufficient and altogether fair to all, would have been an inexcusable waste of time, of labor, and of money. Did the Missouri statute in connection with the conformity statute compel two trials?

The so-called conformity statute (title 28, § 724, U.S.C. [28 U.S.C.A. § 724]) does indeed require that: "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

But this statute (by reason of the words, "as near as may be") leaves much to the discretion of the District Court. Indianapolis, etc., R. Co. v. Horst, 93 U.S. 291, 300, 23 L.Ed. 898; Phelps v. Oaks, 117 U.S. 236, 238, 6 S.Ct. 714, 29 L.Ed. 888; Southern Pacific Co. v. Denton, 146 U.S. 202, 208, 13 S.Ct. 44, 36 L.Ed. 942; Mexican Central Railway Co. v. Pinkney, 149 U.S. 194, 206, 13 S.Ct. 859, 37 L.Ed. 699; Shepard v. Adams, 168 U.S. 618, 626, 18 S.Ct. 214, 42 L.Ed. 602; Hills & Co. v. Hoover, 220 U.S. 329, 336, 31 S.Ct. 402, 55 L.Ed. 485, Ann.Cas. 1912C, 562; Williamson v. Liverpool, etc., Ins. Co. (C.C.A.8) 141 F. 54, 58, 5 Ann.Cas. 402.

In the earliest of these cited cases (Indianapolis, etc., R. Co. v. Horst, 93 U.S. 291, 300; 23 L.Ed. 898), the Supreme Court said: "The conformity is

required to be 'as near as may be'—not as near as may be possible, or as near as may be practicable. This indefiniteness may have been suggested by a purpose: it devolved upon the judges to be affected the duty of construing and deciding, and gave them the power to reject, as Congress doubtless expected they would do, any subordinate provision in such State statutes which, in their judgment, would unwisely encumber the administration of the law, or tend to defeat the ends of justice, in their tribunals."

The language thus used was repeated by the Supreme Court in Phelps v. Oaks, supra, Southern Pacific Co. v. Denton, supra, Shepard v. Adams, supra, and by the Eighth Circuit Court of Appeals in Williamson v. Liverpool, etc., Ins. Co., supra.

Whether, then, the requirement of the Missouri statute (section 1315) above referred to should be followed by this court is a matter within the sound discretion of the court. Exercising that discretion in this case, the court declined to follow it, for that, so very clearly, to follow it "would unwisely encumber the administration of the law."

The motions for new trial are overruled. It is so ordered.

To this order the defendant is allowed an exception.